## MARY BUDRI *vs.* TOWN OF WEST SPRINGFIELD.

Hampden.     September 19, 1929. — October 3, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Way,* Public: defect.

If, at the trial of an action against a town under G. L. c. 84, § 15, for personal injuries suffered when the plaintiff stumbled upon a stake in a sidewalk made of cinders, there is evidence that the sidewalk was completed about four months before the plaintiff was injured, that in its construction a number of such stakes were used and that they were not pulled up, although some of them "disappeared," a finding is warranted that proper care and attention to the sidewalk on the part of the defendant's servants and agents with respect to the stakes generally would have revealed the presence of the stake which caused the plaintiff's injury, and that the defendant by the exercise of proper care and diligence might have had reasonable notice of the defect although there was no specific testimony as to when and by whom the particular stake on which the plaintiff tripped was put in the sidewalk.

TORT under G. L. c. 84, § 15.   Writ dated May 10, 1927.

In the Superior Court, the action was tried before *Irwin,* J. Material evidence is stated in the opinion.   The judge denied a motion that a verdict be ordered for the defendant. There was a verdict for the plaintiff in the sum of $1,600. The defendant alleged exceptions.

The case was submitted on briefs.

*E. A. McClintock, D. B. Hoar, & R. D. Houlihan,* for the defendant.

*H. A. Moran,* for the plaintiff.

FIELD, J.   This is an action of tort for a bodily injury alleged to have been sustained by the plaintiff on March 26, 1927, by reason of a defect in the sidewalk of a public way in the defendant town.   The case was tried by a judge and a jury.   The defendant moved that a verdict for it be directed.   The motion was denied and the defendant excepted.   The jury returned a verdict for the plaintiff.

By G. L. c. 84, § 15, a town is made liable for a bodily

injury resulting to a person by reason of a defect in a way provided such defect "might have been remedied by reasonable care and diligence" on the part of the town "obliged to repair the same," and provided further that such town "had or, by the exercise of proper care and diligence, might have had reasonable notice of the defect . . . ."

It is conceded that "notice of the time, place and cause" of the alleged injury was given as required by the statute (G. L. c. 84, § 18).

The jury were warranted in finding that at about seven or seven-thirty o'clock on the evening of March 26, 1927, the plaintiff, while walking on a sidewalk made of cinders, which was a part of a public way in the defendant town, which it was obliged to repair (see G. L. c. 84, § 1), being lawfully on the sidewalk and in the exercise of due care, tripped upon a stake about one inch square which projected above the sidewalk from one and one half to four inches, fell, and received a bodily injury, that such stake was a defect which "might have been remedied by reasonable care and diligence" on the part of the defendant, and that it was the cause of the plaintiff's injury. *McCarthy v. Stoneham*, 223 Mass. 173, 176.

It is contended by the defendant that there was no evidence that it "had or, by the exercise of proper care and diligence, might have had reasonable notice of the defect. . . ." There was evidence that the sidewalk was completed late in November, 1926, and that the accident happened in front of the house in which one of the witnesses lived. This witness testified in part that stakes were put in "all over the sidewalk," that "they started to put them in there in the latter end of June or the beginning of July. They didn't pull them up. Some of them are there yet," that is, at the time of the trial, and that the stake on which the plaintiff tripped was "the regular size that you see on any stake." On cross-examination this witness testified that this stake was "right where they had marked to put the cinders." She "took no particular notice of that stake in particular until the accident happened." She saw "them putting down all the stakes along there." Some of

the stakes "did disappear, covered up with dirt and filling in with cinders." She did "know they disappeared," but did not "think they were taken up." She tripped over one stake herself "down lower on the road." The plaintiff's husband testified that on the day after the accident he "saw some other stakes along the sidewalk." There was no specific testimony as to when and by whom the particular stake on which the plaintiff tripped was put in the sidewalk.

We cannot say that the evidence does not support the inference that the stake in question was one of a series of stakes which were put in the sidewalk while it was being constructed, and some of which, including this particular stake, had remained in the sidewalk and sticking up above it from that time until the time of the accident, and the further inference, also, that the defendant, because of the length of time during which the stakes were in the sidewalk, "by the exercise of proper care and diligence, might have had reasonable notice of the defect . . . ." See *Mahoney* v. *Worcester*, 265 Mass. 94, 97. Even though there was no evidence that the particular stake had ever been noticed before the accident happened, it could have been found that proper care and attention to the sidewalk with respect to the stakes generally would have revealed its presence. See *Noyes* v. *Gardner*, 147 Mass. 505, 508. It follows that it was not error to deny the defendant's motion for a directed verdict.

*Exception overruled.*