## IDA MAY CROWELL *vs.* CITY OF MALDEN.

Middlesex.     November 14, 1930. — December 2, 1930.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Way*, Public: defect, notice. *Evidence*, Presumptions and burden of proof.

At the trial of an action by a woman against a city under G. L. c. 84, § 15, for personal injuries suffered from a fall when the plaintiff caught her foot in a depression underneath a traffic beacon in a public way on September 9, there was evidence that on that day the surface of the ground at the place where she fell was badly broken, "particularly in one spot"; that around the signal the ground was broken "in several jagged holes"; and that such condition included a spot such as the plaintiff described as the one in which her foot was caught; that "from September 1 on it had been in substantially the same condition"; that the place was patrolled by one day and two night police officers, and that "both the day and night officers go over this spot several times a day." *Held*, that a finding was warranted that the city, by the use of ordinary care, could have known of the defect and had had ample opportunity to remedy it before the accident.

The plaintiff's evidence, at the trial of the action above described, as to the cause of her injury was "that she caught her foot in a depression underneath the traffic beacon"; "that it held for a moment and then threw her and she fell and broke her hip"; that after she fell she saw the hole "her foot went in"; that "her foot went down three inches into this depression and that around the edge of it was all rough"; that "her foot seemed to go up against the traffic signal and down underneath it in some way . . . that the street seemed broken all around the traffic signal"; that "the cause of the accident was the broken surface of the street around the beacon, but the beacon caught her foot and held it." The notice which she gave to the city accurately described the time and place of the accident and alleged that she was injured "by reason of a defect in said" public way "and want of railing about a certain signal used for traffic, in that she fell in walking upon said signal and was greatly injured." The defendant gave no counter notice under G. L. c. 84, § 20. *Held*, that, although the notice was inaccurate, the defendant was not entitled to have a verdict ordered in its favor, since the questions, whether the plaintiff intended to mislead the defendant, and whether the defendant was misled, were for the jury.

The fact that, in a letter to the city solicitor in the April following the accident, requesting that the claim be considered by the committee on claims, the plaintiff's attorney had stated that her injuries were

caused "by her tripping over the traffic signal," while it was evidence to be considered with all the other evidence on the question, as to whether the defendant was misled, did not preclude the jury from finding that the defendant was not misled.

Tort under G. L. c. 84, § 15. Writ dated June 3, 1927.

In the Superior Court, the action was tried before *Hanify,* J. Material evidence is stated in the opinion. The defendant moved that a verdict be ordered in its favor. The motion was denied. There was a verdict for the plaintiff in the sum of $1,500. The defendant alleged exceptions.

The case was submitted on briefs.

*M. L. Brown & L. E. Boutwell,* for the defendant.

*M. R. Flynn,* for the plaintiff.

Carroll, J. This is an action of tort for personal injuries alleged to have been sustained by the plaintiff on September 9, 1926, about twelve o'clock, noon, by reason of the defective condition of Washington Street, a public way, at or near its intersection with Pleasant Street in the defendant city.

The plaintiff testified she was crossing Washington Street; "that automobiles were coming and going both ways and other people were crossing; that she was trying to avoid them and still see where she was going; that she caught her foot in a depression underneath the traffic beacon which was set in Washington Street near the intersection of Washington and Pleasant streets; that it held for a moment and then threw her and she fell and broke her hip"; that after she fell she saw the hole "her foot went in"; that "her foot went down three inches into this depression and that around the edge of it was all rough"; that "her foot seemed to go up against the traffic signal and down underneath it in some way . . . that the street seemed broken all around the traffic signal"; that "the cause of the accident was the broken surface of the street around the beacon, but the beacon caught her foot and held it."

A witness testified that she examined the place on the day of the plaintiff's injury; that the surface of the ground was badly broken, "particularly in one spot"; that around

the signal the ground was broken "in several jagged holes"; that "the particular spot she referred to was triangular in shape, perhaps three inches deep and three or four inches wide, and three or four inches long"; that she had noticed the traffic signal and the condition of the earth around it before this date; that "it was in substantially the same condition as she saw it during the period that she had been going to school that year"; that "from September 1 on it had been in substantially the same condition as she saw it after her mother's accident that day."

It appeared that the corner of Washington and Pleasant streets was patrolled by one day and two night police officers; that "both the day and night officers go over this spot several times a day." There was additional testimony tending to show that Pleasant Street "is a main business artery and Washington Street runs through a district largely residential"; that at the time of the accident the traffic signal was "in the center of Washington Street; that there were old flaggings that went across Washington Street at the intersection of Pleasant Street; that the distance from the flaggings to the edge of the old location of the beacon was about two feet and one inch." It also appeared that at some time before September 9, 1926, the type of the signal had been changed; that Washington Street was surfaced with smooth asphalt macadam; that the alleged defect was within "the sidewalk lines projected of Pleasant Street at the Washington Street crossing."

Notice of the time, place and cause of the accident, in writing, was given on September 10. It described accurately the time of the accident, stated that the place was on Washington Street at the corner of Pleasant Street in Malden, and alleged that the plaintiff was "injured by reason of a defect in said Washington Street, corner of Pleasant Street, and want of railing about a certain signal used for traffic, in that she fell in walking upon said signal and was greatly injured."

The defendant moved for a directed verdict. This

motion was denied. It also asked for several requests which were refused. The jury viewed the premises. There was a verdict for the plaintiff.

The defendant contends that the notice of the time, place and cause of the accident was inaccurate, in not correctly stating the cause of the accident; and that the plaintiff did not sustain the burden of showing that the defendant was not in fact misled thereby. It also contends that the evidence did not justify the finding that the defendant had, or by the exercise of reasonable diligence might have had, notice of the defect in time to remedy it.

The place of the accident was on a business street which was patrolled day and night by police officers of the city. The jury could have found that the defect was an open and obvious one; that it existed for at least nine days before the plaintiff was injured. On this evidence a finding would be justified that the city, by the use of ordinary care, could have known of the defect and had ample opportunity to remedy it. It is argued that the witness who saw the defect on September 9 did not testify that at any time prior to that date she saw the hole. The witness gave the dimensions of the depression and testified that from September 1 on it was in the same condition substantially as it was on the ninth of September. This evidence was sufficient to show that the hole existed on September 1.

The written notice did not accurately specify the defect which caused the injury. *Gardner* v. *Weymouth*, 155 Mass. 595. The statute provides that the notice shall not be invalid or insufficient solely by reason of any inaccuracy in stating the time, place or cause of the injury, if it is shown that there was no intention to mislead, and that the party entitled to notice was not misled thereby. G. L. c. 84, § 18. By § 20 of this statute, the defendant cannot avail himself of any omission to state in the notice the time, place and cause of the injury or damage, " unless, within five days after receipt of a notice," the person receiving the notice notifies the person injured that his notice is insufficient and requests a written notice comply-

ing with the law. No counter notice under this statute was given by the defendant. The defendant contends that this section is not applicable for the reason that the statute has reference only to an omission to state the time, place and cause of the accident; that the notice did not omit to state the cause, but stated it inaccurately. See *Tobin* v. *Brimfield,* 182 Mass. 117. See also *Burke* v. *Lynn,* 219 Mass. 302. Even if the defendant is right in this contention, and we make no decision on this point, the plaintiff cannot be deprived of her recovery because of a defect in the notice, if she has sustained the burden of showing that there was no intention to mislead the defendant, and the defendant was not in fact misled. G. L. c. 84, § 18. She was injured in a public street where there was apparently much traffic; she accurately described the time and place of her injury. It could be inferred from this and from all the facts shown on the record that she had no intention to deceive or mislead the defendant; and it is not argued in the brief of the defendant that the plaintiff had such intention. Its contention is that nothing was shown to support a finding that the city was not in fact misled by the notice.

The notice directed the attention of the defendant to a defect at a specified place. It pointed out correctly where the injury happened; it referred to both streets and to the traffic signal and alleged that the plaintiff was injured by reason of a defect in Washington Street, corner of Pleasant Street, and " want of railing about a certain signal used for traffic, in that she fell in walking upon said signal." If the street was in the condition described by one of the witnesses, the hole was plain to be seen. The surface of the ground " was badly broken " and there were "several jagged holes." In such conditions the majority of the court are of opinion that the jury could find that the plaintiff sustained the burden of proving that the defendant was not misled. This was not a concealed or hidden defect. It could easily have been seen and a slight examination of the place would disclose it.

The defendant contends that the notice describes the

signal as the defect relied on. We do not think this is a fair interpretation of the notice. The notice recites that the plaintiff was injured by a defect in the street, and, in walking, fell upon the signal. This does not mean that she specified the signal as the defect relied on. Her notice says that she fell against or upon the signal, but she alleges the defect in the street as the cause, and also the want of railing, both of which were the cause of her falling on the signal. Her evidence does not contradict this. She testified that the cause of her injury was the "broken surface of the street around the beacon, but the beacon caught her foot and held it." *Messner* v. *Springfield,* 261 Mass. 142. *Sheehan* v. *Lynn,* 269 Mass. 571.

*Dooling* v. *Malden,* 258 Mass. 570, relied on by the defendant, is to be distinguished. There the notice described the defect which caused the injury as "an icy sidewalk on Belmont Street." The plaintiff's testimony tended to show she slipped on a thin coating of ice covering a stone which extended into the sidewalk from two to three feet and to a height of two or three inches. There was evidence that an examination of the place was made, that it was covered with snow and ice and no stone could be seen. It was held that there was no evidence to sustain the burden of proof resting on the plaintiff to show that the defendant was not misled. In the case at bar the place was accurately described, the defect was obvious, it was on a much travelled street. The jury therefore could say the defendant was not misled.

The attorney for the plaintiff who was acting for her in September, 1926, and April, 1927, wrote to the city solicitor on April 26, 1927, requesting that the claim of the plaintiff be considered by the committee on claims. In this letter it was stated that her injuries were caused "by her tripping over the traffic signal." This letter could be considered with all the other evidence, but it did not preclude the jury from finding that the defendant was not misled.

*Exceptions overruled.*