CATHERINE M. SYLVIA *vs.* CITY OF BOSTON.

Suffolk.     October 9, 1931. — January 4, 1932.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Way*, Public: defect.

Although a municipality is not required to keep the portion of a public way adapted for vehicular traffic in the same condition of safety for pedestrians as the sidewalk, it is required to keep such roadway reasonably safe and convenient for them.  Per CARROLL, J.

Evidence, at the trial of an action of tort against a city under G. L. c. 84, § 15, that the plaintiff, a pedestrian, was injured by reason of stepping into a hole beside a manhole cover in a part of a public way paved with wooden blocks and designed for vehicular traffic, that the hole was "about a foot long, two to three inches wide and about three inches deep," going straight down on the side next the manhole cover and sloping in toward the cover on the opposite side; and

further evidence that the depression ran "from nothing, the surface of the street, to a depth of three and a half inches and back again to the surface of the street," warranted a finding that the hole was a defect in the way within the provisions of the statute.

TORT. Writ dated July 18, 1929.

The action was tried in the Superior Court before *Morton,* J. There was evidence that the hole in the street had existed for about six weeks previous to the time of the plaintiff's injuries. Other material evidence is stated in the opinion. Subject to leave reserved under G. L. c. 231, § 120, a verdict for the plaintiff in the sum of $3,600 was recorded. Thereafter the judge ordered entered a verdict for the defendant and reported the action for determination by this court upon a stipulation that, if the entry of the verdict for the defendant was correct, judgment should be entered for the defendant; but that, if the entry was erroneous, judgment should be entered for the plaintiff in the sum of $2,500.

*G. T. Pyne,* for the plaintiff.

*J. A. Campbell,* Assistant Corporation Counsel, for the defendant.

CARROLL, J. The plaintiff was injured by reason of an alleged defect in that part of Kilby Street in Boston designed for vehicular traffic. The street is paved with wooden blocks. The plaintiff testified that as she was crossing the street she stepped into a hole "about a foot long, two to three inches wide and about three inches deep"; that the hole "was alongside the 'manhole' cover; that the hole went down straight on the side along the 'manhole' cover; that the other side (of the hole) 'kind of' sloped in toward the manhole cover." There was further evidence that the depression ran "from nothing, the surface of the street, to a depth of three and a half inches and back again to the surface of the street." There was no crossing at this point especially prepared for foot travelers. The defendant received due notice of time, place and cause of the accident. The jury found for the plaintiff. Under leave reserved, the judge directed a verdict for the defendant and reported the case.

The main question for decision is whether the depression in the part of the way used for vehicular traffic was a defect for which the city is liable.

It was said in *Raymond* v. *Lowell*, 6 Cush. 524, at page 531: "The foot-passengers having such right to use the street, there must be a corresponding obligation on the part of the town to keep the streets in a safe condition for such use. But a town is not obliged to keep all the way, by the sidewalk, in an equally suitable and convenient condition for crossing." The foot passenger "has no right to assume, that the way from the sidewalk to the street is smooth and even." In *Boudreau* v. *Springfield*, 257 Mass. 105, the plaintiff fell because of a hole in the pavement of the highway while crossing the street. In that case the size of the hole did not appear and the photograph indicated a slight depression not amounting to a defect. A gradual depression of an inch and a half in a brick sidewalk is not a defect. *Newton* v. *Worcester*, 174 Mass. 181, 187. *Isaacson* v. *Boston*, 195 Mass. 114. See *Rust* v. *Essex*, 182 Mass. 313. On the other hand, where the hole or depression is three and one half inches deep and of the nature shown by the evidence, the question whether the way is defective is generally held to be for the jury. In *Crowell* v. *Malden*, 273 Mass. 456, the depression in a street crossing was about three inches deep and the verdict for the plaintiff was upheld. In *Duffy* v. *Boston*, 275 Mass. 13, the defect complained of was three inches in depth and it was decided that the case was for the jury. See *Guidi* v. *Great Barrington*, 272 Mass. 577.

In the case at bar the hole adjoined a high pressure water service cover. The two ends of the depression were apparently abrupt and at one point the depression was three and one half inches deep. Although the city is not required to keep the portion of the way adapted for vehicular traffic in the same condition of safety for foot travelers as the sidewalk, it is required to keep the roadway reasonably safe and convenient for foot travelers. Considering the size of the hole, the abrupt depression and its depth of three and one half inches, and the nature of the pave-

ment, we think it was for the jury to decide whether there was a breach of statutory duty by the defendant. The case is close, but in our opinion it cannot be said, as matter of law, that the defendant was free from fault.

The due care of the plaintiff was for the jury to decide. See *Mitchell* v. *Springfield*, 261 Mass. 188, and cases cited. We have considered all the cases cited by the defendant.

In accordance with the terms of the report, judgment is to be entered for the plaintiff in the sum of $2,500.

*So ordered.*