ANNA E. SEARS *vs.* TOWN OF GREENFIELD.

Franklin. September 20, 1933. — September 11, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Way*, Public: defect.

Where one of the cement blocks of a smooth, level sidewalk in a town projected abruptly one and one half inches over the adjoining block, there being nothing to show that such elevation existed at the time when the sidewalk was originally constructed or that there was any necessity for a change in the level of the blocks at that place, and nothing to cause

pedestrians on the sidewalk to anticipate such a change there, it could not properly be said as a matter of law that such condition of the sidewalk, so far as pedestrians were concerned, did not constitute a defect within the meaning of G. L. (Ter. Ed.) c. 84, § 15.

TORT. Writ dated November 16, 1931.

In the Superior Court, the action was referred to an auditor, whose findings were to be final. Material findings by him are stated in the opinion. He assessed the plaintiff's damages in the sum of $1,200. A motion by the plaintiff for judgment on the auditor's report was allowed by *T. J. Hammond*, J. The defendant alleged an exception.

*C. Fairhurst*, for the defendant.

*F. J. Lawler*, for the plaintiff.

DONAHUE, J. The sidewalk on the westerly side of Beech Street in the town of Greenfield is constructed of cement blocks which are about four and one half feet wide and four or five feet long measured lengthwise of the street. The plaintiff was walking northerly along this sidewalk when she tripped and fell where one of the blocks projected above the block located immediately southerly to it. The extent of the projection was three quarters of an inch at the easterly or street side and increased gradually toward the westerly side of the block where it amounted to an inch and a half. The plaintiff, as it happened, was walking on the westerly half of the sidewalk and her left foot struck the projection nearly at the point where it was greatest in height. The sidewalk had been in this condition for such a length of time that the defendant had or ought to have had notice of it. Proper written notice of the time, place, and cause of the accident was duly given the defendant. The foregoing facts were found by an auditor appointed under a rule which made his findings of fact final. A judge of the Superior Court ordered judgment for the plaintiff on the auditor's report and to this the defendant took an exception.

The sole question here is whether the condition of the sidewalk as described in the auditor's report was one which could be found to be an actionable defect under the highway statute. That statute does not attempt to describe

objectively such a defect. It prescribes the standard of duty for a town in the maintenance of its highways (G. L. [Ter. Ed.] c. 84, § 1) and describes the extent or character of a defect which will give rise to liability, in terms of the exercise of reasonable care and diligence on the part of the town in discovering and in remedying such a defect (§ 15). What is reasonable care is never a fixed or inflexible thing; it varies with the circumstances calling for its exercise. Manifestly an extent or character of a projection or depression in a highway which, under one set of attendant circumstances, would amount to an actionable defect by reason of the statute would not necessarily, under other and different conditions, constitute such a defect. A certain extent of a projection above the surface of a little used highway in a remote part of a town might not amount to such a defect as the statute contemplates (*Beaumier* v. *Heath*, 282 Mass. 312), while the same or a much smaller extent of projection in a well settled portion of a town might be a defect which would impose liability (*Hamlet* v. *Watertown*, 248 Mass. 473). Even on the same street there might be a projection in a part of the highway wrought or used for vehicular traffic which would not be sufficient in extent to amount to an actionable defect and yet that same extent of projection in an adjacent portion of the highway used exclusively by pedestrians would constitute such a defect. *Howe* v. *Marlborough*, 204 Mass. 26.

The plaintiff in this case was walking along a smooth, substantially level concrete sidewalk provided by the defendant for the exclusive use of pedestrians. Its general construction was such that travellers might reasonably expect free passage unimpeded by sudden changes in the elevation of the surface. There was nothing to lead one using such a sidewalk to anticipate that there might be changes in elevation between two adjacent concrete blocks. The elevation of one block above the other at the place where the plaintiff fell was not uniform; it was greater on the westerly than on the easterly side of the walk. The projection appears to have been sharp and not gradual nor smooth. There was nothing indicating the necessity for a

change in the elevation of the block at that point or that such elevation existed when the sidewalk was originally constructed. Under the circumstances here appearing we think that the condition described in the auditor's report could be found to be such a defect as to afford the basis of liability under the statute. (See *Redford* v. *Woburn*, 176 Mass. 520; *Lamb* v. *Worcester*, 177 Mass. 82; *Thomas* v. *Winthrop*, 222 Mass. 456; *Budri* v. *West Springfield*, 269 Mass. 19; *Guidi* v. *Great Barrington*, 272 Mass. 577.) The present case is not governed by the following cases on which the defendant relies, since their facts as to the character or location of the condition contended to be a defect are materially different: *Raymond* v. *Lowell*, 6 Cush. 524 (see *Howe* v. *Marlborough*, 204 Mass. 26); *Newton* v. *Worcester*, 174 Mass. 181; *Rust* v. *Essex*, 182 Mass. 313; *Isaacson* v. *Boston*, 195 Mass. 114; *Neilson* v. *Worcester*, 219 Mass. 88; *Cannon* v. *Brookline*, 256 Mass. 468.

*Exceptions overruled.*