NORA SMITH *vs.* CITY OF FALL RIVER.

Bristol.    May 14, 1936. — July 1, 1936.

Present: CROSBY, PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Way,* Public: defect. *Negligence,* Contributory, In use of way.

Evidence at the trial of an action against a city, that the granolithic part of a sidewalk was, and for a long time had been, one and one half inches above the curbstone at a corner on a busy public way, and that, although the plaintiff had passed that way many times and there was nothing to prevent his seeing that condition, he was without actual knowledge of it and caught his foot on the edge of the granolithic part and was injured. required submission to the jury of the questions, whether negligence of the plaintiff contributed to his injury and whether the injury was caused by a defect in the public way within the meaning of G. L. (Ter. Ed.) c. 84, § 15.

TORT. Writ in the Superior Court dated November 3, 1933.

The action was tried before *Hanify*, J., who ordered a verdict for the defendant. The plaintiff alleged exceptions.

*J. T. Farrell*, for the plaintiff.

*G. L. Sisson*, Corporation Counsel, for the defendant.

CROSBY, J. This is an action of tort to recover compensation for personal injuries sustained by the plaintiff, by reason of an alleged defect in a sidewalk, at the northwest corner of Cambridge and Foster streets, in the defendant city.

There was evidence that the plaintiff, while proceeding west on the northerly side of Cambridge Street at about 2:30 o'clock in the afternoon, when it was raining and she was carrying an open umbrella in her hand, had crossed Foster Street and had placed one foot on the granolithic part of the sidewalk at the northwest corner of the streets, and that as she was bringing up her other foot to take another step "her toe collided with the edge of the granolithic sidewalk at a point where it was raised one and one half inches above the level of the top of the curbstone immediately adjoining it." There was nothing to prevent her from seeing where she was stepping. As she neared the curb at the northwest corner "where it rounds from the north side of Cambridge Street into the west side of Foster Street she moved to her right to avoid a puddle of water which had formed in the gutter and there was other evidence from which the jury could find that after stepping up on the top of the curbing with one foot, her other foot struck against the edge of the raised portion of the granolithic sidewalk at the point where it was one and one half inches above the top of the curbing and she was thrown to the ground and suffered the injuries complained of." There was evidence that Cambridge Street was a busy street; that the plaintiff had passed over the intersection of these streets many times before she fell, and had seen puddles of water there on previous days, but had never before noticed the condition of the sidewalk. There was evidence from which the jury could have found that the sidewalk had been in the same condition as it was at the time of the accident for a period of five years previously thereto. At the close of the evidence the defendant

filed a ·motion for a directed verdict in its favor. This motion was allowed, and the plaintiff excepted.

The questions whether negligence of the plaintiff contributed to cause her injury and whether the sidewalk was defective within the meaning of G. L. (Ter. Ed.) c. 84, § 15, were for the jury to determine. The case is governed in principle by *George* v. *Haverhill,* 110 Mass. 506; *Marvin* v. *New Bedford,* 158 Mass. 464; *Lamb* v. *Worcester,* 177 Mass. 82; *Guidi* v. *Great Barrington,* 272 Mass. 577; *George* v. *Malden,* 274 Mass. 606, and *Sears* v. *Greenfield,* 287 Mass. 445. The facts in the following cases distinguish them from the present case: *Raymond* v. *Lowell,* 6 Cush. 524; *Newton* v. *Worcester,* 174 Mass. 181; *Isaacson* v. *Boston,* 195 Mass. 114; *Cannon* v. *Brookline,* 256 Mass. 468; *Rowett* v. *North Adams,* 288 Mass. 50, and cases cited at page 51.

We are of opinion that the motion of the defendant for a directed verdict in its favor was improperly granted. A majority of the court are of opinion that the entry must be

*Exceptions sustained.*