JOHN J. CALLAGY *vs.* CITY OF BOSTON.

Essex.    January 5, 1937. — March 29, 1937.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Way*, Public: defect.    *Negligence*, In use of way.

A finding was warranted that a depression in wooden paving, with broken and tilted blocks, in a part of a much travelled public way commonly used for a crossing by pedestrians although not a specially constructed cross walk, was a defect within the meaning of G. L. (Ter. Ed.) c. 84, § 15.

A finding was warranted that a defect consisting of a depression with broken and tilted wooden paving blocks at a commonly used crossing of a public way was the sole cause of injury to a pedestrian although he had observed a roughness there before and was conscious of it as he crossed, where it appeared that when he crossed the depression was filled with water and that he crossed in a group of pedestrians.

TORT.    Writ in the Superior Court dated December 12, 1933.

The action was tried before *Cox*, J.    There was a verdict for the plaintiff in the sum of $1,600.    The defendant alleged exceptions.

*W. F. Henneberry*, Assistant Corporation Counsel, for the defendant.

*J. C. Twomey*, (*W. O. Cook* with him,) for the plaintiff.

QUA, J.    The plaintiff, while crossing State Street at the corner of Devonshire Street in Boston, fell upon the wood block pavement and was injured.    The principal question is whether the evidence would justify the finding of a "defect" in the way within the meaning of G. L. (Ter. Ed.) c. 84, § 15.

The Old State House is located in State Street.    Through its easterly end is a "tunnel" used by pedestrians crossing State Street and by those coming from a subway exit which is under the building.    It could be found that the plaintiff took the course across State Street commonly used by persons in passing from the tunnel to the sidewalk

on the easterly side of Devonshire Street. There was no specially constructed cross walk. Whether or not we could take judicial notice that this is a much travelled spot in the business section of the city, there is enough in the record to support an inference to that effect.

According to the evidence most favorable to the plaintiff the defect consisted of a depression where the wood blocks had sunk below the original surface over an area about fifteen feet in length and from about six inches to three feet in width, the greatest depth being about three and one fourth inches. Starting from the side toward the Old State House, there was a row of broken blocks, "then quite a drop, an abrupt drop," then a slight slope toward the center of the depression. There were spaces and depressions between the broken parts of the blocks, forming a continuous line. The broken pieces were spread apart. Some of them projected "up in the air" between one and two inches above the immediately surrounding surface. The ends of some of the blocks were "cocked up" above the surface of those on either side. The plaintiff caught his foot against "a tilted wooden block," which he identified on a photograph.

It is the duty of a municipality to keep its ways in repair, "so that they may be reasonably safe and convenient for travelers . . . ." G. L. (Ter. Ed.) c. 84, § 1. The standard of reason is not an absolute standard. It must be applied with relation to the character of the way at the place of the accident and to the kind and amount of travel upon it. *Sears* v. *Greenfield*, 287 Mass. 445.

Commonly a condition like that here described, with the abrupt drop and the projecting ends of blocks, if discovered in a sidewalk built for foot travel, could be found to be a defect. *Marvin* v. *New Bedford*, 158 Mass. 464. *Gallagher* v. *Watertown*, 197 Mass. 467. *Howe* v. *Marlborough*, 204 Mass. 26. *Hamlet* v. *Watertown*, 248 Mass. 473. *Messner* v. *Springfield*, 261 Mass. 142. *George* v. *Malden*, 274 Mass. 606. *Duffy* v. *Boston*, 275 Mass. 13. *Sears* v. *Greenfield*, 287 Mass. 445. *Smith* v. *Fall River*, 295 Mass. 88. On the other hand, portions of a street used principally for

traffic by vehicles might well be considered reasonably safe and convenient notwithstanding considerable unevenness in the surface of the paving. *Raymond* v. *Lowell,* 6 Cush. 524, 534. The location of the alleged defect in this case was not in a sidewalk, but it was in the direct ·line which many travellers on foot on a busy street would naturally take when crossing the street or leaving the subway. The case is close, but we think the question was for the jury. *Crowell* v. *Malden,* 273 Mass. 456. *Sylvia* v. *Boston,* 278 Mass. 76. The case of *Zacharer* v. *Wakefield,* 291 Mass. 90, cited by the defendant, bears little resemblance to this case.

The question of contributory negligence was also for the jury. Although the plaintiff testified that he had seen that the pavement was rough before the day of the accident and that at the time of the accident he was conscious that he was on the rough place, there was also evidence that the depression was then filled with water, that the plaintiff could not see how deep it was and that he crossed as one of a group of fifteen or twenty persons. *Mitchell* v. *Springfield,* 261 Mass. 188. *Slack* v. *Boston,* 275 Mass. 187. Compare *Cox* v. *Boston,* 254 Mass. 498.

And from the plaintiff's testimony that he caught his right foot on a projection and his left foot slipped in front of him the jury could find that the defect caused the plaintiff to fall.

*Exceptions overruled.*