RUTH A. ADAMS *vs.* TOWN OF BOLTON.

LETTIE A. HASKELL *vs.* SAME.

Worcester.    September 23, 1936. — June 28, 1937.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Witness*, Expert. *Evidence*, Opinion: expert. *Way*, Public: defect.

The determination of the qualifications of a witness offered as an expert is for the trial judge, and his decision thereon is conclusive if there is evidence to support it; evidence warranted a finding that a witness was qualified as an expert in the repairing of roads.

An opinion by an expert witness as to whether a public way whose surface had become dangerously undulating due to frost action could be temporarily repaired was not rendered inadmissible because the hypothetical question asked did not require him to take into consideration the nature of the subsoil of the way; nor was it error to refuse to strike out his opinion when it appeared from his further testimony that he did not know the condition of the subsoil, but that in his opinion its condition had no bearing on the matter of temporary surface repairs.

Evidence warranted a finding that a "hollow" caused in the macadam surface of a much travelled public way by the action of frost during an unusually severe winter was a defect in the way within G. L. (Ter. Ed.) c. 84, § 15.

Evidence that a defect in a public way consisting of a "hollow" caused by frost action could have been temporarily repaired, and the way

made safe for travel, by filling the depression with gravel and sealing it, warranted a finding that the defect "might have been remedied by reasonable care and diligence on the part of" the municipality within G. L. (Ter. Ed.) c. 84, § 15.

The existence of a defect in a much travelled public way for at least ten days before an accident due thereto warranted a finding that the municipality knew or should have known of the defect before the accident, within G. L. (Ter. Ed.) c. 84, § 15.

Two ACTIONS OF TORT. Writs in the Superior Court dated April 21, 1934.

At a trial of the actions together before *Donnelly,* J., there were verdicts for the plaintiffs in the sums of $150 and $3,200, respectively. The defendant alleged exceptions.

*B. Potter,* for the defendant.

*R. G. Stobbs,* (*L. E. Stockwell* with him,) for the plaintiffs.

DONAHUE, J. The plaintiffs, while riding on the rear seat of an automobile operated on a public highway in the town of Bolton, on the morning of March 25, 1934, were injured when the wheels of the automobile went into a "hollow" about a foot deep extending over three fourths of the width of the macadamized surface of the way. The cases were tried together before an auditor and later, on the auditor's report and on the testimony of witnesses called by the plaintiffs, before a jury in the Superior Court. The cases come before us on exceptions of the defendant to the refusal of the trial judge to direct verdicts for the defendant and to the admission of the testimony of a witness called by the plaintiffs who was permitted to testify as an expert witness.

According to the findings of the auditor the winter of 1933–1934 was exceptionally severe and in February, 1934, an unusual condition appeared on a section of a much travelled highway leading from Bolton to Lancaster where the plaintiffs were injured. There were upheavals of the macadam surface of a portion of the road about seven hundred feet long. The auditor found that "Later due to the undulations, the way took on the appearance of a washboard in places, because the upper part rose, did not break nor crack, but left hollows varying from four to thirteen inches . . . After the frost had entirely gone

from the subsoil the roadway became level again and perfectly safe and convenient for vehicular traffic without anything being done on it." At the time of the accident in question the road had not returned to that condition. In February the town, at each end of the seven hundred foot section of the highway, placed and thereafter maintained by the side of the road a sign of a standard form provided by the department of public works of the Commonwealth bearing the word "Slow," and a red flag and, at night, a lighted lantern. The auditor found that the part of the road where the accident occurred had been in an unsafe condition for at least ten days before the accident on March 25.

The auditor found for the plaintiffs. He also found specifically that neither the driver of the automobile nor the plaintiffs were negligent; that the defendant was negligent in failing to keep the roadway safe and convenient for travellers in vehicles and that due written notice of the time, place, and cause of the accident was given to the defendant town within the time in which the statute required such a written notice to be given.

The plaintiffs, at the trial before the jury, called a witness who, after examination as to his qualifications by counsel for the plaintiffs and for the defendant, was allowed to testify as an expert. The defendant objected to his so testifying on the stated ground that he was not "qualified to deal with country roads." There was evidence that the witness had for twenty-eight years been employed in the street department of the city of Worcester in general charge of the maintenance and repair of roads, including roads similar to country roads; that he had supervised the building and the resurfacing of all different types of bituminous roads in Worcester; that he was familiar with all kinds of material used in the repair of roads; that he was familiar "with such conditions as may arise" in any street wherever located; that he had been engaged in road building for the government in the engineering corps for two years during the war and that he had supervised the building of roads in other places. The decision of the

preliminary question whether the witness was qualified to testify as an expert was for the trial judge. His decision was here conclusive since it cannot, on the evidence, be said to have been erroneous as matter of law. *Lenehan* v. *Travers*, 288 Mass. 156, 159. *Guinan* v. *Boston Elevated Railway*, 267 Mass. 526, 527.

The defendant excepted to a hypothetical question put to the witness by counsel for the plaintiffs which in substance asked if the witness had an opinion whether or not something could have been done to make the road in question reasonably safe for travel, assuming that the surface of the road had been heaved up by reason of frost and weather conditions during the winter, creating a depression of the dimensions appearing in evidence, and assuming that there was no break in the surface of the road. The witness said he had such an opinion and gave his opinion in substance as follows: the road could be made safe for travel by filling in the depressions with some loose material and waiting for a future time to make a permanent repair; the proper thing to do was to fill in the depression "with gravel and seal it"; this "would take the depression up and smooth it so traffic could go over it," and would make the road reasonably safe for travel; later, when the frost was out of the ground, permanent repairs could be made; "if the bump receded" the material could be taken away. He testified that he had occasion to make such temporary repairs on roads of a similar character in the city of Worcester every year and that this was a common practice in all cities and towns.

The objection to the hypothetical question as stated at the trial by the defendant's attorney was that it contained no assumption of fact as to the subsurface condition of the road in question. It was said of hypothetical questions in *Carroll* v. *Boston Elevated Railway*, 200 Mass. 527, 533: "In determining the scope, fulness and distinctness of the questions, much must be left to the discretion of the presiding judge, which ought not to be overridden, unless it very clearly appears to have been wrongly exercised." See also *Sullivan* v. *Brabason*, 264 Mass. 276, 288; *Taylor* v. *Creeley*,

257 Mass. 21, 27; *Chalmers* v. *Whitmore Manuf. Co.* 164 Mass. 532, 533; Wigmore, Evidence (2d ed.) § 561. We cannot say that the discretion of the judge was wrongly exercised in permitting the witness to give his opinion with respect to repairs to the surface of the road because the question put to the witness did not include an assumption as to conditions beneath the surface of the road.

At the close of the testimony of the expert witness the judge denied the defendant's motion to strike out the opinion given, based on the contention that the witness did not have before him facts on which he could express an opinion. On cross-examination the witness had testified in effect that there might be conditions in one locality which would make the results of frost different from those in another locality; that water in the subsoil causes frost upheavals; that springs or the geological structure in the vicinity of a highway might affect the severity of the results of frost; that the action of frost on the surface of a highway depends somewhat on the construction underneath; that the witness had not made a personal examination of the highway in question; and that he did not know the character of the subsoil. On redirect examination he testified in effect that the nature of the subsoil would make no difference on the matter of temporary repairs which would put the road in a reasonably safe condition for travel. The question put to the witness contained an assumption of facts appearing in evidence as to the character of the surface of the road. It called for his opinion as to whether repairs could be made to the surface which would render the road reasonably safe for travel. The witness testified in effect that conditions underneath had no bearing on the matter of temporary repair of the surface conditions due to frost. There was no evidence to the contrary. It cannot be said to be a matter of common knowledge that temporary repair of visible conditions, dangerous to travellers, on the surface of a road, could not properly be made without knowledge of conditions underneath. The judge did not err in refusing to strike out the opinion given by the expert witness.

Our statutes require, as the standard of condition in which a municipality shall maintain its highways, that they be kept "reasonably safe and convenient for travelers . . . at all seasons." G. L. (Ter. Ed.) c. 84, § 1. The statutes also prescribe the circumstances in which a liability may be imposed upon a municipality for injuries to travellers caused by the condition of highways. G. L. (Ter. Ed.) c. 84, § 15. One of the things required to be proven by the present plaintiffs, who are asserting such a liability, is that they sustained "bodily injury . . . by reason of a defect or a want of repair . . . in or upon a way . . . ." It has been said that "A defect or want of repair is anything in the state or condition of the highway which renders it unsafe or inconvenient for ordinary travel." *Gregoire* v. *Lowell,* 253 Mass. 119, 121. *Valvoline Oil Co.* v. *Winthrop,* 235 Mass. 515, 521, and cases cited. The findings of the auditor as to the size, the character and the location of the "hollow" which caused injury to the plaintiffs, and as to the extent of travel on the highway, warranted the conclusion that it was unsafe for ordinary travel and that a "defect" within the meaning of the statute there existed.

Liability of the defendant was not established by merely proving that a defect in the highway caused injury to the plaintiffs. They also had the burden of proving that "such injury . . . might have been prevented, or such defect . . . might have been remedied by reasonable care and diligence on the part of" the defendant town. G. L. (Ter. Ed.) c. 84, § 15. This portion of the statute requires proof that "the nature of the defect shown is such that it might have been remedied by reasonable care and diligence." *Stone* v. *Boston,* 280 Mass. 31, 34. The testimony of the expert witness called by the plaintiffs, if believed, warranted the finding that the "hollow" constituting the defect in the highway was of such a nature as to be safely remediable in the comparatively simple method described by him. The auditor, on the other hand, found that it was not safe to remedy the defect in that manner. He was appointed under a rule which did not make his findings of fact final. His findings, therefore, although made by the statute *prima*

*facie* evidence (G. L. [Ter. Ed.] c. 221, § 56), were neverthe-
less only evidence before the jury and could be controlled or
rebutted by evidence of a contrary effect introduced at the
trial. *Gallagher* v. *Phinney,* 284 Mass. 255, 258. *Lovell* v.
*Commonwealth Thread Co. Inc.* 280 Mass. 243, 246. *Solo-
mon* v. *Boylston National Bank,* 269 Mass. 589, 592. The
question whether the defect might have been remedied by
reasonable care and diligence was, on the conflicting evi-
dence, a question for the jury.

In order that there be a recovery against a municipality
by a plaintiff injured by a highway defect of such a nature
that it was remediable by reasonable care and diligence on
the part of the municipality, it must further be proven that
the municipality "had or, by the exercise of proper care and
diligence, might have had reasonable notice of the defect."
G. L. (Ter. Ed.) c. 84, § 15. *Stone* v. *Boston,* 280 Mass. 31,
34. *Tavano* v. *Worcester,* 287 Mass. 420, 422.

An abnormal condition of the surface of the road existed
and was known to the town in February. It then placed
signs directing travellers to drive slowly. It did nothing
else, although the condition later grew worse and the road
had been in a condition unsafe for travel for at least ten
days before the plaintiffs were injured on March 25. It was
a road over which, as the auditor found, "very many cars"
passed. A finding was warranted that the town knew or
should have known of the defective condition of the road
prior to March 25 and that in the exercise of reasonable
care should have anticipated that there was danger of an
accident and have taken adequate measures to prevent it.
*Cammett* v. *Haverhill,* 197 Mass. 76, 78. *Crowell* v. *Malden,*
273 Mass. 456, 459. *Cook* v. *Boston,* 266 Mass. 159.

*Exceptions overruled.*