ARAM T. BAGDIKIAN *vs*. CITY OF WORCESTER.

Worcester. September 24, 1945. — November 27, 1945.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Way*, Public: defect.

Evidence as to the size, shape and appearance of a hole at the top of a strip of cement sloping up from the gutter to a grass plot and walk leading to the sidewalk of a street in a residential section of a city, and that the hole was partly covered with dried grass, not loose but "hardened down maybe from the summer time or winter," warranted findings that within G. L. (Ter. Ed.) c. 84, § 15, the hole was a defect respecting a pedestrian who in March fell when his foot got caught in it, and that the city by proper care and diligence might have had reasonable notice of it.

TORT. Writ in the Superior Court dated September 8, 1943.

The action was tried before *Swift*, J.

*P. R. O'Connell*, for the defendant.

*C. M. Garabedian*, for the plaintiff.

SPALDING, J. The plaintiff, who brought this action of tort under G. L. (Ter. Ed.) c. 84, §§ 1, 15, to recover for personal injuries resulting from an alleged defect in a public way, had a verdict in his favor. The case comes here on exceptions of the defendant to the denial of a motion for a directed verdict, to the refusal to grant certain requests for instructions, and to a portion of the charge.

These facts could have been found: On March 16, 1943, at about 9 A.M., the plaintiff was crossing Wetherell Street, a public way in a residential section of Worcester. On the side of the street toward which he was proceeding there was a cement sidewalk which ran parallel to the street. Between the sidewalk and the street there was a grass plot through which a cement walk ran from the sidewalk to the street. At the edge of the grass plot and the cement walk, where they joined the street, there was a "little strip of cement" which sloped toward the gutter. A portion of

the cement was missing from the top of the "strip" at a point where the grass plot and the cement walk joined, forming a saucer shaped hole nearly a foot long and eight or nine inches wide. It was "very sharp [and] steep" and about three inches deep. "There was dried grass over the hole . . . [but it] did not cover the entire hole." The grass was not loose; it was "hardened down maybe from the summer time or winter." As the plaintiff was going from the street to the sidewalk his foot "got caught" in the hole and he fell.

Photographs of the scene of the accident which were in evidence at the trial are before us pursuant to a stipulation in the bill of exceptions.

The judge did not err in submitting the case to the jury. In determining whether the hole which caused the plaintiff to fall was a defect, we are mindful of the fact that it was not in the customary line of travel and that the standard of duty imposed by the statute is "not an absolute or inflexible one, but should be given an application which is related to the character of the way and to the kind and amount of travel at the location of the alleged defect." *MacDonald* v. *Boston, ante,* 618, 619. See also *Sylvia* v. *Boston,* 278 Mass. 76, 78; *Callagy* v. *Boston,* 297 Mass. 53, 54. But we think that a jury could have found that there was a defect which "might have been remedied by reasonable care and diligence" on the part of the defendant. The case in this respect is governed by *Crowell* v. *Malden,* 273 Mass. 456, *Sylvia* v. *Boston,* 278 Mass. 76, and *Callagy* v. *Boston,* 297 Mass. 53, rather than by *Swenson* v. *Boston,* 317 Mass. 295, on which the defendant relies.

The plaintiff must prove not only that there was a defect of such a nature that it was remediable by reasonable care and diligence on the part of the defendant but that the defendant had "or, by the exercise of proper care and diligence, might have had reasonable notice" of it. *Stone* v. *Boston,* 280 Mass. 31. *Adams* v. *Bolton,* 297 Mass. 459, 465. The defendant argues that the evidence did not warrant a finding that it knew or ought to have known of the defect. There was no evidence of actual notice but, although

the question is close, we think that the presence of grass over the hole which had been "hardened down . . . from the summer time or winter" presented a question of fact for the jury as to whether this situation had existed long enough for the defendant "by the exercise of proper care and diligence . . . [to] have . . . reasonable notice of the defect." *Saunders* v. *Medford,* 304 Mass. 464, 465. *Cook* v. *Boston,* 266 Mass. 159, 161.

The defendant's requests for instructions were properly refused. They need not be discussed in detail. Some were inapplicable to the evidence. Others, namely those relating to snow and ice, were not correct statements of the law. *Newton* v. *Worcester,* 174 Mass. 181. Nor was there any error in the portion of the judge's charge to which the defendant excepted.

*Exceptions overruled.*