*Western District*
## MARY McCRORY
v.
## CITY OF SPRINGFIELD

Argued: June 28, 1965—Decided: August 26, 1965

*Present*: Garvey, P. J., Levine & Allen, JJ.

Case tried to *Walsh, J.* in the District Court of Springfield. No. 64 T 188.

*Levine, J.* This is an action of tort to recover for personal injuries sustained in a fall on State Street, a public way, in the City of Springfield on July 13, 1962. The answer is a general denial; an allegation of contributory negligence; a denial that the locus of the accident was a public way and a demand that the plaintiff prove same. At a pre-trial conference, the parties stipulated that the locus of the accident was a public way under the control of the defendant.

*There was evidence tending to show that* the plaintiff came out of a building at No. 95 State Street in Springfield on July 13, 1962 at approximately 12:30 P.M.; that she proceeded to cross State Street from south to north; that the area where she was crossing was not a cross walk and was about two hundred fifty feet from the nearest intersection; that at a place on the north side of the highway about three to four feet south of a driveway leading to the Court Square parking lot, she stepped into a hole and fell injuring her left foot and ankle; that the hole she had fallen into was nine to ten inches in diameter and two and one-half inches deep; that she had not seen the hole prior to her fall; that

her injuries required medical treatment at various times to March 1963; that she was confined to bed for two weeks following the accident, lost time from her work until September 1, 1962 and worked part time to October 20, 1962. A witness for the plaintiff testified that he had seen the hole in question early in June of 1962 and that the hole appeared to be nine to twelve inches in diameter and about three inches deep. Notice of the injury was given by the plaintiff to the defendant and there was no question as to its timeliness or validity.

At the close of the trial, defendant made the following requests for rulings of law:

(1) The alleged defect was not of a size sufficient in law to constitute an actionable defect.

(2) The defendant did not have actual notice of the defect in question, nor is the evidence sufficient to permit an inference that the defect lasted for such a time that the defendant in the exercise of reasonable care ought to have discovered and remedied said defect.

Both requests were denied by the trial judge on the ground that "they are inconsistent with the facts found."

The trial judge made the following special findings of fact:

"The plaintiff, Mary McCrory, brings this suit against the City of Springfield for injuries received after falling as a result of an alleged defect in the public way. The fall occurred on July 13, 1962 on State Street in Springfield. Proper notice was duly sent on behalf of the plaintiff and received by the city on July 20, 1962. The defect was a circular hole about nine inches in diameter and about two

and one-half inches deep. The defect existed long enough so that in the exercise of reasonable care, the City ought to have discovered and remedied it. I find that the plaintiff was in the exercise of due care."

There was a finding for the plaintiff and damages assessed against the City in the amount of $2,000.00.

The defendant claiming to be aggrieved by the trial judge's refusal to grant its first request for ruling of law on the ground that it was inconsistent with the facts found, claimed this report.

The sole question before this court is whether the hole that was located in the part of the way used for vehicular traffic was of sufficient size in law to constitute an actionable defect under the highway statute?

■ It is the duty of a municipality to keep its ways in repair . . . . . "so that they may be reasonably safe and convenient for travelers . . . . . " G. L. (Ter. Ed.) c. 84, §1.

■ This standard of duty is not an absolute or inflexible one, but should be given an application which is related to the character of the way and to the kind and amount of travel at the location of the alleged defect. *Sears v. Greenfield,* 287 Mass. 445, 447; *Callagy v. Boston,* 297 Mass. 53, 54.

■ In the case at bar, there was evidence and the photographs submitted at the argument showed that the hole was circular in shape and about nine inches in diameter and about two and one-half inches deep. It was an abrupt hole and its edges were jagged.

The photographs brought out the bituminous nature of the pavement. We are cognizant of the fact that the city is not required to keep that portion of a way used for vehicular traffic mainly in the same condition of safety for pedestrians as the sidewalk; however, it is required to keep the roadway reasonably safe and convenient for foot travelers. *Sylvia v. Boston,* 278 Mass. 76.

Considering the size of the hole, its abruptness, its jagged edges and the nature of the pavement as well as the locality, it is our opinion that it could not properly have been ruled as a matter of law that the defect was not an actionable one; therefore, the defendant's request numbered one was properly denied by the trial judge.

The question of the plaintiff's due care; defective condition of the way and whether the alleged defect was in existence long enough to have enabled the city to discover and remedy it, are all questions of fact for the trial judge.

We have considered all the cases cited by the defendant. The present case is governed in principle by *Crowell v. Malden,* 273 Mass. 456; *Sylvia v. Boston,* 278 Mass. 76 and *Callagy v. Boston,* 297 Mass. 53 and not by *Newton v. Worcester,* 174 Mass. 181; *Isaacson v. Boston,* 195 Mass. 114; *Swenson v. Boston,* 317 Mass. 295 or *McDonald v. Boston,* 318 Mass. 618 which we believe are distinguishable on their facts from the case at bar.

*The report is to be dismissed.*

Joseph P. Pamelia, Jr., of Springfield, for the Plaintiff.

Philip J. Shine, of Springfield, for the Defendant.