*Northern District*

#6782

## MICHAEL F. CASEY

### v.

## LAWRENCE REDEVELOPMENT AUTHORITY, et al

Argued: June 19, 1968 Decided: Nov. 27, 1968

*Present:* Brooks, P.J., Connolly, Parker, JJ.

Case tried to *Bacigalupo, J.* in the District Court of Lawrence No. 421 of 1967

*Parker, J. This is an action of tort* in two counts. Count 1 is against the city of Lawrence for personal injuries sustained by the plaintiff while walking on Bradford Street, a public way, by reason of a defect in the sidewalk, the defendant having neglected to keep the public way in a reasonably safe and convenient condition so that it became and remained defective and dangerous for a long period of time without barriers or warnings and so caused the plaintiff injury. Count 2 states the same cause of action, but the defendant is the Lawrence Redevelopment Authority. The answer of the defendant, Lawrence Redevelopment Authority was a general denial, contributory negligence and assumption of risk. The court found for the defendant, City of Lawrence, on Count 1 and for the plaintiff against the defendant, Lawrence Redevelopment Authority on Count 2.

The case is before us on appeal by the Lawrence Redevelopment Authority.

It was agreed at the trial that due and sufficent notice of time, place and cause of the injury was properly given by plaintiff. G.L. c. 84, § 18.

*There was evidence upon which the court could find, as it did, that:* The plaintiff, an elderly man, was walking on the sidewalk to enter premises numbered 53 Bradford Street in Lawrence at about 8:45 P.M., *9 April 1965.* It was dark and there was no artificial lighting in the immediate vicinity of the locus of the accident. He was unfamiliar with the locus. As he was walking he caught his foot in a depression in the sidewalk and fell to the ground injuring himself. This alleged defect was located and the accident occurred on the northerly sidewalk approximately in front of 53 Bradford Street. The depression in which the plaintiff caught his foot was a cut-out section in a concrete sidewalk containing a small shade tree. The section was approximately 21 inches long, 26 inches wide, measured from the curbstone of the sidewalk and two and a half to three inches deep.

For many years prior to 20 October 1959, Bradford Street was a public way. On 20 October 1959 the defendant, Lawrence Redevelopment Authority, made a perimeter taking by eminent domain which included Bradford Street and the area of the accident. Public ways were not excepted from this taking. There was evidence that the taking was described as a "fee

taking," no other descriptive words being used.

The installation of the sidewalk including the cut-out section was completed *in January of 1965.* There was no evidence as to who installed or completed the sidewalk and cut-out.

The court found that: At the time of his injury the plaintiff was lawfully traveling on Bradford Street, in the exercise of due care and that Bradford Street was a public way at the time of the accident and plaintiff's injury. The ownership, control and maintenance of Bradford Street was in the defendant Lawrence Redevelopment Authority as a result of the perimeter taking of 20 October 1959 and control and maintenance was not in the defendant, City of Lawrence. The cut-out section, approximately 21 inches long, 24 inches wide, measuring from sidewalk curbstone and two and a half to three inches deep and containing a small shade tree constituted an unsafe, defective and dangerous condition to travellers on the sidewalk. This condition existed for a sufficient period of time so that the defendant Authority knew or in the exercise of reasonable care, should have known of its existence and remedied it.

The court also found that Bradford Street is located in a thickly settled area of the city and that on *18 April 1966,* the City of Lawrence took appropriate action to accept Bradford Street as a public way.

We shall take up the second issue raised

by the defendant, namely—the refusal to give the defendant's request #2, that the evidence and reasonable inferences therefrom as a matter of law are insufficient to show that the defendant owned, maintained or controlled the place where the accident happened.

Besides the evidence on this point as previously stated, there was evidence that: The taking by the Development Authority was a "fee taking". No other descriptive words were used to describe the transaction which was a transaction between the City and the Redevelopment Authority.

Upon this evidence the defendant based its action on Request #2.

The question then arises, can it be found as a matter of law that the defendant Redevelopment Authority had the ownership, control and maintenance of the locus?

There is no evidence as to the authority for the taking of the area by eminent domain. The report does not state whether the taking was by virtue of the provisions of G.L. c. 121, § 26P (b) or by some special act. If the taking was by virtue of that statute it may well be that the taking is invalid as to Bradford Street, since it seems established by law that where land is devoted to a public purpose, in this case a public way, and is taken by eminent domain for another purpose such a taking must be by specific statutory authority. *Sacco* v. *Department of Public Works*, 352 Mass. 670. *Commonwealth*

v. *Mass. Turnpike Authority,* 346 Mass. 250.
*Boston Water Power Co.* v. *Boston & Worcester
RR.,* 23 Pick. 360, 398. See: *Appleton* v. *Mass.
Park Authority,* 340 Mass. 303, 309.

However, if there was any invalidity in the
taking, it occurred through the action, or omis-
sion, of the Development Authority and should
not be available to it as a defense in this case.

According to its brief the "evidence was that
the Authority, in 1959, made a 'fee taking'
from the City of Lawrence of the perimeter of
the land which included Bradford Street and
the sidewalk in question. Therefore, it is con-
ceded that it was the owner of said land on the
date of the accident".

The defendant then goes on to argue "con-
veyance of a fee interest in land does not in-
clude as a component part the transfer of the
public easement in a public way which is al-
ready located on such land. A way once laid out
continues until discontinued according to law".
This brings us back to where we started. If
the public easement was not extinguished in
Bradford Street, it was due to the failure of the
defendant to secure specific authority from the
Legislature for the taking. It is estopped from
setting up, as a defense, a consequence of its
own failure.

It should be noted in passing that the City
of Lawrence considered the taking and extin-
guishment of the public easement as valid since
it accepted Bradford Street as a public street

on 16 April '66. Although the defendant is not charged with the action of the City of Lawrence, we think it is significant of the original understanding of the Authority and the City.

The Authority purported to make a taking and is charged with the consequences of that action including the control and responsibility of maintaining that part of Bradford Street within the area taking. This includes the spot where the plaintiff fell and was injured.

There was no error in the denial of Request #2. The Authority contends that the court was in error in denying its request #1. This request reads as follows:

> "The evidence does not warrant a finding for the plaintiff". In addressing itself to this point, the Authority maintains that the plaintiff failed to sustain the burden of proving that his injury was caused by its negligence.

On this point the court found as a fact that Bradford Street is located in a thickly settled area of the city, although the report does not state any evidence upon which this finding was made. Since the defendant appellant has not objected to this finding we will accept it. There was evidence from which the court could find as a fact that the defect existed from sometime in January to 9 April 1965, a period of at least two months and nine days, that in fact it was a thickly settled part of the city where it could be inferred there would be much use of the side-

walk by the public, that the defect was large enough and existed for a length of time so that the defendant did know or should have known of its existence and danger to the public and was negligent in not taking care of the situation. From this evidence the court was warranted in finding as a fact that the defendant was negligent and that its negligence in failing to remedy the dangerous conditions caused the plaintiff's injury. *Sylvia* v. *Boston,* 278 Mass. 76, 78. *Smith* v. *Fall River,* 295 Mass. 88, 90. *Adams* v. *Bolton,* 297 Mass. 459. *Bagdikian* v. *Worcester,* 318 Mass. 707.

We find no error in the denial of the defendant's request #1.

 The last issue raised by the Authority is that the evidence does not support a finding that the cut-out constituted a defect in the sidewalk, and therefore the denial of Request #3 was error. Request #3 reads as follows:

> "The evidence does not warrant a finding that the plaintiff was injured by reason of any defect in the sidewalk".

The question as to whether the cut-out was a defect in the sidewalk was a question of fact, not a question of law, and the court by its finding has found as a fact that it was a defect. *Sylvia* v. *Boston,* 278 Mass. 76. *Smith* v. *Fall River,* 295 Mass. 88. *Green* v. *Wilmington,* 339 Mass. 142, cited by the defendant, is distinguishable from the case at bar in that the way involved was not a sidewalk and the court at pages 144

and 145 makes the distinction that what may not be an obstruction or defect in a roadway, might be such in or on a sidewalk. In *Galante* v. *Brockton*, 305 Mass. 480, also cited by the defendant as a case in which as a matter of law the defect was not one for which the city should be liable, the defect was not as large or as deep as was the defect in the case at bar. The other cases cited by the defendant do not involve public ways.

Summarizing the evidence and facts found in the case at bar namely, no lighting, a thickly settled area, the large extent and depth of the cut-out, the plaintiff's lack of knowledge of the area and the existence of the cut for at least two months before the accident, we are of the opinion that a ruling that as a matter of law that plaintiff was not injured by reason of any defect in the sidewalk could not be given. There was no error in the denial of the defendant's request #3.

Since the defendant has not argued on his brief or orally any issue raised by the denial of its requests #4, 5, 6, and 7, we consider any objection to the court's action on these requests as waived.

Having found no error by the court in its rulings and findings, **the report will be dismissed.**
JOHN W. DOWNING, JR.,
 for the Defendant Authority
FRANCIS K. MONARSKI,
 for Plaintiff