MARIE T. MACDONALD *vs.* CITY OF BOSTON.

Middlesex.   October 4, 1945. — October 31, 1945.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & WILKINS, JJ.

*Way*, Public: defect.

A city street, at a place used for vehicular traffic and not within a crosswalk, could not properly have been found defective within G. L. (Ter. Ed.) c. 84, § 15, with respect to pedestrians by reason of the presence there of a smooth, "saucer" shaped depression which "started at street level and gradually went down to a depth of two inches and went up again" in a triangular area eighteen or nineteen inches at its base and eight to twelve inches at its sides.

TORT. Writ in the Superior Court dated September 27, 1943.

The action was tried before *Good*, J.

*D. M. Cronin*, for the plaintiff.

*R. Bisignani*, Assistant Corporation Counsel, for the defendant.

WILKINS, J.   The plaintiff was hurt by stepping into a

hole in the surface of Summer Street, Boston. On the evidence most favorable to her, the hole was shaped like a triangle, measuring about eighteen or nineteen inches. at the base and about eight to twelve inches on the sides. It was "worn off at the edges, started at street level and gradually went down to a depth of two inches and went up again," being "sort of saucer shape." "It was worn on the outer end and had tapered to the center and there was a piece of car track in a part of the hole." The street was thirty-six or thirty-seven feet wide, while the hole, which had been there "for quite a few weeks," was three quarters of the way across where the plaintiff walked, and was in a line with the building line of Arch Street. The judge directed a verdict for the defendant subject to the plaintiff's exception.

We think that there was no error. The defendant's duty was to keep the way in repair so that it "may be reasonably safe and convenient for travelers." G. L. (Ter. Ed.) c. 84, § 1. This standard of duty is not an absolute or inflexible one, but should be given an application which is related to the character of the way and to the kind and amount of travel at the location of the alleged defect. *Sears* v. *Greenfield*, 287 Mass. 445, 447. *Callagy* v. *Boston*, 297 Mass. 53, 54. A pedestrian upon that part of a way serving principally for the traffic of vehicles is not in the same position to complain of an unevenness in the surface as one upon a sidewalk. *Raymond* v. *Lowell*, 6 Cush. 524, 534–535. *Callagy* v. *Boston*, 297 Mass. 53, 55. The plaintiff was not even upon a crosswalk. There was no obstruction or abrupt variation in the surface but merely a smooth depression which reached a depth of only two inches in an area much larger than the size of a human foot. There is nothing to indicate that the piece of car track was in any way connected with her fall. We do not believe that the statutory duty placed upon a municipality is as severe as that which would have to obtain were the plaintiff entitled to recover. It would not be profitable to analyze in detail the cases cited. This case seems to us to be governed by *Newton* v. *Worcester*, 174 Mass. 181, *Isaacson* v. *Boston*, 195 Mass.

114, and *Swenson* v. *Boston*, 317 Mass. 295, and not by *Crowell* v. *Malden*, 273 Mass. 456, *Sylvia* v. *Boston*, 278 Mass. 76, or *Callagy* v. *Boston*, 297 Mass. 53.

*Exceptions overruled.*