ANDREW M. REITER *vs.* CITY OF NORTHAMPTON & another.[1] July 1, 1980. The plaintiff's action was brought under G. L. c. 84, § 15, as amended through St. 1965, c. 214, seeking damages for injuries suffered in January, 1976, as a result of a defect in a public way. The plaintiff appeals from a summary judgment entered for the defendants on their motion under Mass.R.Civ.P. 56(b).

The only affidavit filed was one by the plaintiff. The defendants filed none and at oral argument asked us to review the judgment as if it were entered on a motion to dismiss under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974). Since the plaintiff's affidavit and the defendants' answers to interrogatories presented no additional facts relevant to the issue whether the plaintiff has stated a claim for relief, we will examine the complaint, as the defendants request, under the standard of a motion to dismiss; that is, we will take the allegations in the complaint and all inferences which can be drawn therefrom in the plaintiff's favor as true. *Nader* v. *Citron,* 372 Mass. 96, 98 (1977). *Whitinsville Plaza, Inc.* v. *Kotseas,* 378 Mass. 85, 87 (1979).

The gravamen of the complaint is contained in paragraph twelve, which states that the city "failed to maintain Allen Place [a public way] in such a manner as to prevent or cure a rutted and uneven condition of the roadbed which existed on or about the time in which ice and snow from a particular storm was accumulated thereon." If the allegation means merely that the roadbed was "of such a shape as to lead to the formation . . . of ice and snow," it is insufficient. *Newton* v. *Worcester,* 174 Mass. 181, 184, 187-188 (1899). That case construed St. 1896, c. 540, the

---

[1] The mayor of Northampton. No claim has been made that the mayor stands in a different position from that of the city, and we do not discuss that question.

statute from which G. L. c. 84, § 17,[2] was derived, to mean that a plaintiff cannot recover unless the way is defective when bare of ice and snow and such other defect contributed to the plaintiff's injury. *Id.* at 187-188. See also *Hitchcock* v. *Boston*, 201 Mass. 299, 300 (1909); *Johnson* v. *Orange*, 320 Mass. 336, 337 (1946). While the allegation should have been more explicit, we think it sufficient when viewed with the generosity accorded to such pleadings, see *Charbonnier* v. *Amico*, 367 Mass. 146, 152-153 (1975), to allege a defect in the roadbed independent of the ice and snow for which "the defendant might be held liable even if the ice may have contributed in part" to the injury. *Sheehan* v. *Lynn*, 269 Mass. 571, 572 (1930).

*Judgment reversed.*

*John J. Green, Jr.*, for the plaintiff.
*Francis E. Collins, Jr.*, City Solicitor, for the defendant.

---

[2] "A county, city or town shall not be liable for any injury or damage sustained upon a public way by reason of snow or ice thereon, if the place at which the injury or damage was sustained was at the time of the accident otherwise reasonably safe and convenient for travelers." G. L. c. 84, § 17, as appearing in the 1921 compilation of the General Laws and not amended since that time.