JACQUELINE A. MAMULSKI, executrix,[1] vs. TOWN OF
EASTHAMPTON.

Hampshire. February 7, 1991. - May 7, 1991.

Present: LIACOS. C.J., WILKINS. ABRAMS. NOLAN. LYNCH. O'CONNOR. & GREANEY. JJ.

*Negligence*, Municipality, Stop sign. *Municipal Corporations*, Liability for
tort, Stop sign. *Massachusetts Tort Claims Act.*

A plaintiff's wrongful death claim against a town alleging that the town's
failure to replace a missing stop sign caused an accident which led to
the death of the plaintiff's decedent was sufficient to withstand a motion
to dismiss, where it could not be said that on the plaintiff's allegation,
as a matter of law, the town had no duty to the plaintiff's decedent to
replace the stop sign. [29-30]

CIVIL ACTION commenced in the Superior Court Depart-
ment on August 3, 1989.

A motion to dismiss was heard by *John F. Murphy, Jr.*, J.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Michael J. Coyne* for the plaintiff.

*Nancy Frankel Pelletier* for the defendant.

WILKINS, J. In her wrongful death count (see G. L. c. 229,
§ 2 [1988 ed.]; G. L. c. 258, § 2 [1988 ed.]) against the
defendant town, the plaintiff alleged that, on December 5,
1988, Vicki L. Smercak operated her motor vehicle on Clark
Street at its intersection with North Hampshire Street in
Easthampton and negligently caused her vehicle to collide
with a motor vehicle operated by Felix S. Mamulski, the
plaintiff's decedent, causing his death. Before the accident
the town had been notified by several people, including its

---

[1] Of the estate of Felix S. Mamulski. The plaintiff's claims against Vicki
L. Smercak were dismissed by stipulation.

own police officers, that "the stop sign located on Clark Street at the intersection of North Hampshire Street, was missing and needed to be replaced," but the town had failed to replace it. The complaint alleged that the town's negligent failure to replace the stop sign caused the accident and the death of the plaintiff's decedent. The count also alleged that proper presentment of the claim had been given to the town pursuant to G. L. c. 258, § 4 (1988 ed).

A judge of the Superior Court allowed the town's motion to dismiss the count against it. He ruled that the town owed the plaintiff's decedent no duty of care because it had no special relationship with the plaintiff's decedent that warranted the imposition of liability under principles expressed in *Irwin* v. *Ware*, 392 Mass. 745 (1984).[2] We transferred the plaintiff's appeal here and now reverse the judgment dismissing the count against the town.

The principles discussed in our opinions concerning the imposition of liability on a governmental body where there is a "special relationship" between an allegedly negligent public employee and a member of the public have no application on the facts of this case. We, therefore, decline to discuss the allegations against the town in the context of the special relationship or special duty cases, even though that is the way in which the parties have expressed their arguments to us. On the pleadings, this case is not necessarily one in which a person has been harmed directly by the wrongful conduct of a third person where a public employee may have failed in his duty to enforce the law and thereby to interrupt or prevent that third person's harmful activity. See *Onofrio* v. *Department of Mental Health*, 408 Mass. 605, 609-610 (1990).

The town's alleged negligence is based on its breach of a duty to replace a stop sign. The town is in a position similar to that of one who controls certain land and has a duty to

[2]He also ruled that the failure to replace a stop sign did not present a basis for municipal immunity pursuant to the discretionary function provisions of G. L. c. 258, § 10 (*b*) (1988 ed.). The town has not argued this issue to us as an alternative basis for affirming the judge's allowance of its motion to dismiss.

exercise reasonable care toward persons lawfully on that property. See *Doherty* v. *Belmont*, 396 Mass. 271, 273-274 (1985). The factual circumstances are also analogous to municipal liability for wrongful death due to defects in highways. See *Gallant* v. *Worcester*, 383 Mass. 707, 714-715 (1981); *Sanker* v. *Orleans*, 27 Mass. App. Ct. 410, 413-414 (1989), and authorities cited.[3]

We cannot fairly say that on the allegations of the complaint, as a matter of law, the town had no duty to the plaintiff's decedent. "[L]iability should be imposed where the municipality itself sets in motion forces which cause injury, cases where the municipality directly causes the harm, rather than negligently fails to prevent it." Glannon, The Scope of Public Liability Under the Tort Claims Act: Beyond the Public Duty Rule, 67 Mass. L. Rev. 159, 167 (1982). The town's failure to replace the stop sign may have been negligent and but for that negligence the accident might not have occurred.

The judgment is reversed. The order allowing the town's motion to dismiss is vacated.

*So ordered.*

---

[3]The motion judge noted the resemblance of this case to the *Sanker* case in which the Appeals Court held that a town owed a duty to a motorcyclist, traveling on a public way, who struck a branch of a tree overhanging the road. He declined, however, to follow the *Sanker* case because the Appeals Court gave no rationale for its conclusion. The reasons for the Appeals Court's conclusion are apparent in the opinion's crisp citation of authorities that support and explain that conclusion. The *Sanker* opinion could properly have ignored any reference at all to "special relationship" cases.