Troy, Paul E., J.
Plaintiff, Elizabeth Wade, brought this action against Defendant, the City of Boston, alleging that, due to Defendant’s negligence, a defect in a roadway caused her to fall and injure herself. Plaintiff is seeking damages for her pain and suffering and reimbursement for medical care and loss of income. Defendant filed a motion for summary judgment, contending that it is entitled to judgment as a matter of law because the defect in the roadway is too small to be an actionable defect. For the reasons discussed below, the City of Boston’s motion for summary judgment is ALLOWED.
BACKGROUND
On November 26, 2001 around 5:20 p.m., Plaintiff stepped out of a taxi onto Barry Street in Dorchester, Massachusetts. Plaintiff fell because of a hole in that roadway. The hole was 3x2 inches “in dimensions" and was about 1 and 1/2 inches deep.[1] Furthermore, the hole was about nineteen and one-half feet from the sidewalk and was surrounded by many cracks in the surface of the street. Plaintiff fractured the left 5th metatarsal, received abrasions and contusions on various parts of her body and injured her left shoulder, arm, side, knee, leg, ankle, foot, and head. Plaintiff commenced this action on November 24, 2003, alleging that the accident and her injuries were caused solely by Defendant’s negligence. Specifically, Plaintiff claims that “the defendant negligently and carelessly permitted said street to become and remain in an unsafe and dangerous condition and maintained the same improperly and dangerously...” Defendant filed this motion for summary judgment claiming that there is no dispute as to any material fact and it is entitled to judgment as a matter of law because the defect into which Plaintiff fell is too small to be an actionable defect.
DISCUSSION
Summary judgment shall be granted when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond with evidence of specific facts establishing the existence of a genuine dispute. Pederson, 404 Mass. at 17. An adverse party may not defeat a motion for summary judgment by resting merely on the allegations and denials of its pleadings, but must set forth specific facts with affidavits, deposition testimony, answers to interrogatories, or admissions on file showing that there is a genuine issue for trial. Mass.R.Civ.P. 56(e).
Defendant contends that the facts upon which there is no material issue in dispute for trial include the fact that the defect in the roadway was at most one and one-half inches deep. Consequently, Defendant argues that these facts entitle it to judgment as a matter of law because certain defects are too slight to be actionable and the defect here falls into that category. Plaintiffs response to Defendant’s Motion for Summary Judgment does not set forth specific facts showing that there is a genuine issue for trial.[2] Furthermore, Plaintiff does not dispute Defendant’s description of the depth of the hole. Based on the undisputed fact that the hole was no more than one and one-half inches in depth, Defendant is entitled to judgment as a matter of law because certain defects, including the one here, are too small to be actionable.
General Laws c. 84, §15 governs damages for injuries sustained from defective ways. Specifically, G.L.c. *376 84, §15 states that “if a person sustains bodily injury or damage in his property by reason of a defect . . . and such injury or damage might have been prevented, or such defect. . . might have been remedied by reasonable care and diligence on the part of the ... city... he may,. .. recover damages .. .” Under G.L.c. 84, §15, a defect is “anything in the condition or state of the roadway which renders it unsafe or inconvenient for ordinary travel.” Huff v. Holyoke, 386 Mass. 582, 584 (1982). Therefore, Defendant has a statutory duty to keep its roadways safe for travel. Defendant’s duty, however, is “to be tested by the rule of reason. The presence of slight imperfections in the surface of the way, even if they cause an accident, is not a breach of the statutory duly." Buskey v. Worcester, 323 Mass. 342, 344 (1948); Neiman v. City of Chelsea, 310 Mass. 831, 831 (1942) (holding that a defect of two inches in depth was not actionable). Furthermore, the Supreme Judicial Court has held that the level of duty imposed by G.L.c. 84, §15 should be related to the “character of the way” and the “kind and amount of travel at the location of the alleged defect.” MacDonald v. City of Boston, 318 Mass. 618, 619 (1945). Therefore, what might be considered a defect on a sidewalk might not be considered a defect on a roadway used primarily for vehicular traffic. Green v. Town of Wilmington, 339 Mass. 142, 145 (1959) (holding that beginning of road at the end of a bridge which was two and one half to three inches higher than bridge was not an actionable defect); MacDonald, 318 Mass. at 619 (holding that a defect two inches in depth on a roadway was not an actionable defect). In fact, the Supreme Judicial Court has suggested that even a defect with a depth of three and one-half inches might not be actionable. See Callagy v. City of Boston, 297 Mass. 53, 54-55 (1937) (allowing the jury to decide whether a defect that was three and one-fourth inches in depth and was located on a portion of a roadway primarily used for vehicular traffic, but also used by pedestrians was an actionable defect, but holding that the case was close); Sylvia v. City of Boston, 278 Mass. 76, 78-79 (1932) (holding that whether a three and one-half deep hole in a roadway designed for vehicular traffic was a defect for which the city was liable was close). Additionally, the Supreme Judicial Court has indicated that a defect in a crosswalk might be more actionable than a defect on a roadway. Swenson v. City of Boston, 317 Mass. 295, 296 (1944) (holding that car track protruding two inches above street level was not an actionable defect even though the court noted that the defect was in a crosswalk on a well traveled street).
Here, the alleged defect which caused Plaintiff to fall was, at most, only one and one-half inches in depth and was nineteen and one-half feet from the sidewalk. Furthermore, the alleged defect was not on a sidewalk or in a crosswalk designed for pedestrian traffic, but was in a roadway used mainly for vehicular traffic. The Supreme Judicial Court has indicated that an alleged defect this small in depth is not an actionable defect. Therefore, Defendant is entitled to judgment as a matter of law.
ORDER
For the above-mentioned reasons, it is hereby ORDERED that Defendant’s Motion for Summary Judgment be ALLOWED.

 Although in its investigation report, Defendant measured the hole as being one inch in depth, Defendant’s Statement of Undisputed Facts state that the hole is “at most 11/2 inches deep.”

 Plaintiff cites three cases in her Opposition to Defendant’s Motion for Summary Judgment which warrant mention. These cases do not provide support for Plaintiffs contention that summary judgment is not appropriate in this case. First, Reiter v. City of Northampton dealt with the sufficiency of allegations under G.L.c. 84, §17 which governs injury or damage caused by ice or snow. 10 Mass.App.Ct. 821 (1980). Next, Mamulski v. Town of East Hampton raised issues of the town’s duty to the plaintiffs decedents in a wrongful death case. 410 Mass. 28 (1991). Finally, Tyron v. City of Lowell states the proposition that summary judgment should not be entered when issues of material fact exist, but does not show how Plaintiff has raised genuine issues of material fact in this case. 29 Mass.App.Ct. 720, 725 (1991).