ANTONIO VELLANTE vs. TOWN OF WATERTOWN.

Middlesex.    February 8, 1938. — May 9, 1938.

Present: RUGG, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Way*, Public: defect.

A granolithic slab tilted three fourths of an inch above the general level of a much travelled sidewalk near the centre of a town was not a defect within G. L. (Ter. Ed.) c. 84, § 15.

TORT.    Writ in the Superior Court dated March 6, 1933.

Judgment for the plaintiff in the sum of $1,280 was ordered by *Beaudreau*, J.    The defendant appealed.

*E. S. Tyler*, Town Counsel, for the defendant.

*J. Finelli*, for the plaintiff.

LUMMUS, J.    This action of tort to recover for personal injuries caused to the plaintiff on November 14, 1932, while a pedestrian, by an alleged defect in a sidewalk on Galen Street in Watertown, was referred to an auditor whose findings of fact were to be final.    Judgment for the plaintiff was ordered on the auditor's report.    The defendant's appeal brings the case here.

One point is decisive of the case.    The sidewalk was composed of granolithic slabs four feet square.    One of them had become tilted, so that at one corner where the plaintiff stumbled it rose vertically three quarters of an inch above the adjoining slab which was at the general level of the sidewalk.    The sidewalk was near the centre of the town and much travelled.    Abrupt variations in grade in sidewalks have often been held actionable defects, but we are aware of no case in which a plaintiff has been allowed to recover for injuries received from a fall caused by a variation as slight as that in this case, even in the centre of a city. *George* v. *Malden*, 274 Mass. 606.    *Sears* v. *Greenfield*, 287 Mass. 445.    *Abrahams* v. *Zisman*, 293 Mass. 375, 376, and cases cited.    *Smith* v. *Fall River*, 295 Mass. 88.    *Callagy* v. *Boston*, 297 Mass. 53.

Perfection is not required even in sidewalks. The fact that an imperfection was capable of causing injury, and in fact did so, is not enough to show that it was an actionable defect. A city or town performs its duty if it keeps its ways "reasonably" safe and convenient (G. L. [Ter. Ed.] c. 84, § 1), and is not liable except for injuries caused by a defect or want of repair that "might have been remedied by reasonable care and diligence on" its part. § 15. *Zacharer* v. *Wakefield*, 291 Mass. 90. *Adams* v. *Bolton*, 297 Mass. 459. The expense of keeping ways in a high state of repair must be considered on the questions of reasonableness and diligence. *Beaumier* v. *Heath*, 282 Mass. 312. A slight imperfection such as was present in this case might readily arise in a well built sidewalk, often because of the freezing and thawing of the ground. In the opinion of a majority of the court, to find it an actionable defect would cast an undue burden upon municipalities. *Rowett* v. *North Adams*, 288 Mass. 50. *Clohecy* v. *Haverhill*, 299 Mass. 378.

*Judgment for the defendant.*