## MARIA C. GALANTE *vs.* CITY OF BROCKTON.

Plymouth. February 5, 1940. — March 26, 1940.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Way*, Public: defect.

The facts that a granite curbing, at the outer edge of a cement sidewalk
but not at a cross walk or other place where travellers have occasion
to cross the curb, was one inch away from the cement, one inch be-
low it at the edge nearest the sidewalk and two inches below it at its
outer edge, warranted a conclusion that such imperfection was not a
defect within the meaning of G. L. (Ter. Ed.) c. 84, § 15.

TORT. Writ in the Superior Court dated April 9, 1937.

There was a "finding" for the defendant by *Donahue, J.*
The plaintiff alleged exceptions.

*L. H. Miller*, (*A. C. Gennaco* with him,) for the plaintiff.

*W. H. Gilday*, City Solicitor, for the defendant.

QUA, J. The only question is whether an "imperfection"
in the sidewalk on Belmont Street in Brockton which
"caused the plaintiff's injury" on October 21, 1936, con-
stituted a "defect" within the meaning of G. L. (Ter. Ed.)
c. 84, § 15. See also § 1. No question is raised as to "rea-
sonable notice" to the city under § 15, "notice of the time,
place and cause" of the injury under § 18, or contributory
negligence.

Material findings of the auditor, whose findings of facts
by agreement of the parties were to be final, are these:
The walk was composed of cement slabs with a granite
curbing. The plaintiff was walking "on the outside of the
sidewalk." Of her two companions, one was "in the middle"
and the other "on the inside." As the plaintiff approached
the intersection of Thurber Avenue, the curbing, at the
place where she fell, was one inch away from the cement
block and one inch below the block at the edge nearest
the sidewalk and two inches below at the outer edge. It
does not appear that this condition existed at a point which

the plaintiff would be obliged to pass over in order to cross Thurber Avenue. So far as appears the curbing referred to ran along the edge of the sidewalk parallel to the direction in which the plaintiff was walking.

The auditor ruled as a matter of law that the condition of the sidewalk was not an actionable defect. He made no ultimate general finding of fact. The trial judge struck out the auditor's ruling of law, but nevertheless found for the defendant on the specific facts found by the auditor. The plaintiff contends that the judge's finding was error.

It has been held repeatedly that where an auditor's findings of fact are final his report constitutes a case stated, and that the trial judge, and later this court, may draw by way of inference from the auditor's findings proper conclusions of fact not inconsistent with the findings which the auditor has made on evidence before him. *Merrimac Chemical Co.* v. *Moore,* 279 Mass. 147. *United States Fidelity & Guaranty Co.* v. *English Construction Co.* 303 Mass. 105, 108–109. *Avery* v. *R. E. Guerin Trucking Co. Inc.* 304 Mass. 500, 504–505. G. L. (Ter. Ed.) c. 231, § 126. If we assume in favor of the plaintiff that the auditor's findings would have warranted the conclusion that a defect existed — a matter by no means free from doubt — nevertheless we feel that the judge's finding was right as a conclusion of fact. A slight sinking and tipping of the curb away from the body of the sidewalk such as that described is a matter of frequent observation even in instances where the walk is otherwise in excellent repair. Where this condition exists to no greater degree than is here found along the outside edge of a sidewalk but not at a cross walk or other place where travellers have occasion to cross the curb, it is seldom a cause of substantial danger. The burden of keeping all curbing at the edges of sidewalks in approximately perfect alignment would bear heavily upon municipalities. Perfection is not required, even in much travelled places. The statutory duty of the city or town is to be tested by the rule of reason. G. L. (Ter. Ed.) c. 84, §§ 1, 15. *Vellante* v. *Watertown,* 300 Mass. 207. In cases in which the plaintiff has recovered for somewhat similar conditions

the defect has been greater and has been located in the line of travel. *Comerford* v. *Boston,* 187 Mass. 564. *George* v. *Malden,* 274 Mass. 606. *Sears* v. *Greenfield,* 287 Mass. 445. *Smith* v. *Fall River,* 295 Mass. 88. Compare *Vellante* v. *Watertown,* 300 Mass. 207.

*Exceptions overruled.*