ANN E. WHITE *vs.* MERCHANTS CO-OPERATIVE BANK.

Norfolk.   March 1, 1944. — September 13, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, & RONAN, JJ.

*Landlord and Tenant*, Landlord's liability to tenant or his family or his invitee, Repairs.  *Negligence*, Repairs, One owning or controlling real estate.

Evidence that a landlord, pursuant to an agreement with the tenant for consideration to make repairs on notice, repaired an outdoor cement step in such a way that a crack "more than three eighths of an inch" wide appeared across the length of the step, and that he left the crack unrepaired for many months after he had knowledge of it, would not have warranted a finding of negligence on his part toward the wife of the tenant, who was injured when the "military," "medium" heel of her shoe caught in the crack.

TORT.  Writ in the Superior Court dated January 22, 1940.

The case was tried before *Broadhurst, J.*

In this court the case was submitted on briefs.

*J. H. Cordella*, for the plaintiff.

*M. G. Dray*, for the defendant.

LUMMUS, J.  The plaintiff's husband, Merrit O. White, became a tenant at will of the defendant on September 1, 1938, with respect to a house on Bates Road in Milton.  One of the terms of the letting was that the defendant would on request make any repairs that were "justified."  The plaintiff, her husband, and their four children occupied the premises until January, 1942.

The hurricane of September 21, 1938, caused a tree to fall upon and to demolish three wooden back steps that rested upon a bottom step of cement.  After notice, the wooden steps were replaced by the defendant in such a manner that they covered much of the cement step and left the tread of that step too narrow.  After further notice,

the defendant remedied that by building a cement addition four inches wide to that step. As the new cement dried, it shrank away from the old cement, leaving a crack or cleavage between the old and the new. The plaintiff's husband called the attention of the defendant to that crack, and expressed the opinion that it was dangerous, but nothing was done.

On the "beautiful sunny" afternoon of September 13, 1939, the plaintiff, who was perfectly familiar with the steps, was walking up them, when her right heel "caught on the lower cement step" and she fell backwards and was hurt. She was wearing "fairly new" shoes with "military" heels, which are "medium" heels. She had her weight on her left foot, which was on the wooden step above, and when she tried to bring her right foot up from the cement step it "felt like it was stuck." The foregoing facts could have been found upon the evidence. It does not appear that the defendant retained any control of the premises.

The jury returned a verdict for the plaintiff, but the judge under reserved leave (G. L. [Ter. Ed.] c. 231, § 120) entered a verdict for the defendant. The case is here on the plaintiff's exception to that action.

We think that it could have been found, not that the defendant assumed the onerous and most unusual obligation to "keep and maintain the premises in a condition of safety on . . . [its] own responsibility and without reference to notice from the tenant," of which evidence has been found in some cases (*Collins* v. *Humphrey*, 314 Mass. 759; *Ryerson* v. *Fall River Philanthropic Burial Society*, 315 Mass. 244; *Flynn* v. *South Middlesex Co-operative Bank*, *ante*, 659), but rather that the defendant for consideration agreed to make the repairs in question and actually made them. Upon such a finding the defendant would be liable if it made them negligently and personal injury resulted to the tenant or a member of his family. *Sawyer* v. *Atherley*, 312 Mass. 596. *Blood* v. *Dewey*, 315 Mass. 500, and cases cited. Only where there is no consideration for the repairs is proof of gross negligence required. *Greenway Wood Heel Co. Inc.* v. *John Shea Co.* 313 Mass. 177, 181.

Although the plaintiff did not testify specifically that her heel caught in the crack, the jury could find that it did. Her testimony warranted a finding that at the place where she stepped the crack was "more than three eighths of an inch in width," although her testimony was merely an estimate and was contradicted by testimony of others and apparently also by photographs that she and her husband admitted to be fair representations of the step. Her husband's testimony warranted a finding that the defendant, though warned of danger, permitted the crack to exist for many months before the injury.

Nevertheless we think the judge was right in entering a verdict for the defendant. Perfection in an outdoor step is hardly to be expected. No substantial danger is to be apprehended from a crack or cleavage in such a step as narrow as that shown by the testimony in this case most favorable to the plaintiff. This is made abundantly clear by the photographs just mentioned, even though the testimony of the plaintiff as to the width of the crack be fully accepted. The case falls in the class illustrated by *Zacharer* v. *Wakefield*, 291 Mass. 90, *Corthell* v. *Great Atlantic & Pacific Tea Co.* 291 Mass. 242, *Rynn* v. *Fox-New England Theatres, Inc.* 299 Mass. 258, *Clohecy* v. *Haverhill*, 299 Mass. 378, *Vellante* v. *Watertown*, 300 Mass. 207, *Galante* v. *Brockton*, 305 Mass. 480, *Kay* v. *Audet*, 306 Mass. 337, and *Sneckner* v. *Feingold*, 314 Mass. 613. The maintenance of the step with such a crack or cleavage could not lawfully be found to be negligent.

*Exceptions overruled.*