VIVIAN SWENSON vs. CITY OF BOSTON.

Suffolk.     October 5, 1944. — November 30, 1944.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & SPALDING, JJ.

*Way*, Public: defect.

The protruding of a street car track two inches above the surface of a crosswalk at the intersection of much travelled public ways, where there was no hole or depression, was not a defect within G. L. (Ter. Ed.) c. 84, § 15.

TORT. Writ in the Superior Court dated December 3, 1941.

The case was tried before *Baker*, J.

*I. N. Samuels*, for the plaintiff.

*J. W. Kelleher*, Assistant Corporation Counsel, & *G. A. Verde*, Assistant Corporation Counsel, for the defendant, submitted a brief.

SPALDING, J. In this action of tort there was evidence that would have warranted the jury in finding these facts. On September 13, 1940, at about 9:15 A.M. the plaintiff was walking easterly on State Street, Boston, on the right-hand sidewalk. While crossing Congress Street (which intersects State Street) within the limits of the crosswalk, she "caught her toe against . . . [a] car track and fell forward on her face," thereby sustaining injuries. There was no hole or depression in the street where the plaintiff fell. The car track protruded above the level of the street about two inches at the place of the accident and this condition had existed for at least a year prior thereto.

At the close of the evidence, on motion of the defendant, the trial judge ordered a verdict for the defendant subject to the plaintiff's exception. The declaration contains two counts; the first (which is based on G. L. [Ter. Ed.] c. 84, § 15) alleges that the street was defective, and the second alleges a nuisance at common law. The plaintiff does not

argue that she is entitled to recover on the second count. Both parties concede that the sole question for determination is whether there was sufficient evidence of a defect in the street where the plaintiff fell to require the submission of the case to the jury.

We think that the judge was right in directing a verdict for the defendant.

No case has been brought to our attention, and we have found none, where it has been held that, with respect to a street, a projection as small as that in this case, in the absence of other circumstances, would warrant a finding that there was a defect within the meaning of G. L. (Ter. Ed.) c. 84, § 15.[1] The plaintiff has cited several cases holding that a projection no greater, and even smaller, than that here could be found to be a defect. But in all of these cases the alleged defect existed on a sidewalk. While a municipality is required to keep a roadway reasonably safe and convenient for pedestrians, it "is not required to keep the portion of the way adapted for vehicular traffic in the same condition of safety for foot travelers as the sidewalk." *Sylvia* v. *Boston,* 278 Mass. 76, 78. See also *Callagy* v. *Boston,* 297 Mass. 53; *Raymond* v. *Lowell,* 6 Cush. 524, 534. "The standard of reason is not an absolute standard. It must be applied with relation to the character of the way at the place of the accident and to the kind and amount of travel upon it." *Callagy* v. *Boston,* 297 Mass. 53, 54. *Sears* v. *Greenfield,* 287 Mass. 445.

We have not overlooked the fact that the accident in the case before us took place within the limits of a crosswalk on a much travelled street. Nevertheless, although the case is close, we think that it would cast an undue burden on municipalities to hold that a variation from the street level as small as this was an actionable defect. This is especially true where the alleged defect consists of a protruding car

---

[1] It might appear, at first blush, that *Callagy* v. *Boston,* 297 Mass. 53, is such a case but we think, on analysis, that it is not. In that case, although the plaintiff tripped on a wooden block which protruded one to two inches above the immediately surrounding surface, the block was in a depression which at one point was three and one quarter inches deep. That case was regarded by the court as a close case.

track.   "Perfection is not required, even in much travelled places."  *Galante* v. *Brockton*, 305 Mass. 480, 481.  *Vellante* v. *Watertown*, 300 Mass. 207.

*Exceptions overruled.*