MARY E. DOHERTY *vs.* TOWN OF BELMONT.

Middlesex. October 7, 1985. — November 25, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.

*Negligence,* Municipality, Parking lot. *Municipal Corporations,* Liability for tort, Parking lot. *Massachusetts Tort Claims Act. Governmental Immunity. Evidence,* Opinion.

For purposes of liability under G. L. c. 258, the Massachusetts Tort Claims Act, a town which owned and operated a public parking lot owed a duty of reasonable care to a paying customer who suffered a fall while lawfully in the lot. [273-274]

A metal stub protruding one half to three quarters of an inch above the surface of a median strip in a public parking lot was not so minor or insubstantial a defect as to present no jury question on the issue of the parking lot owner's common law negligence. [274-275]

At the trial of a negligence action, the plaintiff's use of the word "presume" at a single point in her deposition testimony regarding the cause of her accident did not render her testimony inadmissible, but merely presented an issue of weight and credibility for the jury. [276]

A town's ministerial task of maintaining the surface of a median strip in a public parking lot following the removal of parking meters from the median strip was not a discretionary function within the exemption contained in G. L. c. 258, § 10 (*b*), from liability under the Massachusetts Tort Claims Act. [276]

CIVIL ACTIONS commenced in the Superior Court Department on June 15, 1982, and November 21, 1983, respectively.

The cases were consolidated and were tried before *Robert L. Steadman, J.*

The Supreme Judicial Court granted a request for direct appellate review.

*Devra G. Bailin* for the defendant.

*Leonard F. Zandrow, Jr. (Philander S. Ratzkoff* with him) for the plaintiff.

HENNESSEY, C.J. The plaintiff brought two actions against the town of Belmont for personal injuries arising out of an acci-

dent in the town's parking lot.[1] Following a trial in the Superior Court, the jury returned a verdict for the plaintiff. The town moved for judgment notwithstanding the verdict, which the judge denied. We allowed the town's application for direct appellate review.

The town contends that the judge erred in submitting the case to the jury, and in denying its motion for judgment notwithstanding the verdict, because the plaintiff had failed to present evidence warranting an inference of negligence. Specifically, the town argues that it owed no duty to the plaintiff; that even if a duty was owed the town did not violate this duty; that the plaintiff failed to produce sufficient evidence that the town's negligence caused the plaintiff's injuries; and, finally, that the town's actions fell within the discretionary function exception to the Massachusetts Tort Claims Act, G. L. c. 258, § 10 (*b*) (1984 ed.). We affirm.

We summarize the facts. On December 15, 1980, Mary E. Doherty parked her car in the Claflin Street parking lot in the town of Belmont. This lot is owned and operated by the town and maintained by the Belmont highway department. Doherty parked her car close to a median strip in the public lot. Upon leaving her vehicle, Doherty stepped up onto the median strip. Because it had snowed on the previous day, the median was spotted with slush and ice. Doherty took a few steps on the median before she tripped over a "bump" and fell. As a result of her fall, Doherty fractured both her elbow and her pelvis. A police photographer took a picture of the general area where Doherty tripped. In the center of this photograph is a one-half to three-quarter inch high cement mount, with a metal "stump" protruding slightly above it where a parking meter had once stood.

In 1977, the town had switched from an individual parking meter system to a single parking ticket dispenser at the entrance

---

[1] The two cases assert substantially the same claim. We have throughout this opinion referred to the matter as a single "case." At the conclusion of the opinion in affirming both judgments we have stated that there should be but one satisfaction.

to the Claflin lot. Sometime between 1978 and 1979 the Belmont highway department removed the old parking meters. The superintendent of this department instructed his laborers to cut the meter posts close to the ground, and then to pound the remaining stubs into the cement while the metal was still hot from the welding operation. Several parking meter stubs remained protruding from the median strip after 1979, supporting the inference that at least some of these stubs had not been pounded into the cement as directed.

On appeal, the town first argues that it owed no duty to the plaintiff other than that owed to the general public. The town relies on a series of cases beginning with *Dinsky* v. *Framingham,* 386 Mass. 801 (1982). In *Dinsky* we held that the plaintiffs could not recover against the town for negligently issuing a building permit when the town's only duty under the building code was owed to the general public, and not to the plaintiffs in their individual capacities as homeowners. *Id.* at 810. See *Ribeiro* v. *Granby,* 395 Mass. 608, 613 (1985) (town not liable for damages resulting from fire in plaintiffs' apartment where only duty under building code owed to general public). The *Dinsky* holding was expressly limited to the public inspection context by our decision in *Irwin* v. *Ware,* 392 Mass. 745 (1984). In *Irwin* we upheld the plaintiffs' recovery against a town for injuries and deaths resulting from a collision with a vehicle operated by an intoxicated driver who had been questioned and released by the town police. We held that there is a "special relationship" between police officers and persons who are injured because of the officers' negligent failure to remove an intoxicated motorist from the highway. *Id.* at 762.

The town's reliance on these "public duty" cases is misplaced, because the town's duty in the case at bar does not arise from the general language of a regulatory or criminal statute, but rather from the town's status as a landowner. Under the Massachusetts Tort Claims Act, municipalities are liable "in the same manner and to the same extent as a private individual under like circumstances." G. L. c. 258, § 2 (1984 ed.). *Gallant* v. *Worcester,* 383 Mass. 707, 714 (1981) (reversing dismissal of wrongful death action under c. 258). The town

must thus be treated the same as an owner of a private parking lot for the purposes of liability under G. L. c. 258. A landowner owes a single duty of reasonable care to all persons lawfully on his premises. *Mounsey* v. *Ellard,* 363 Mass. 693 (1973) (abolishing distinction between licensees and invitees). See *Poirier* v. *Plymouth,* 374 Mass. 207 (1978) (affirming judgment against town under c. 258 for defective ladder on town's water tank). Doherty was lawfully on the town's premises when she suffered her fall; indeed, she entered the parking lot as a paying customer. The town owed Doherty a duty of reasonable care in her individual capacity as a parking lot patron, apart from any general duty owed to the public at large. Thus it was not error for the judge to submit to the jury the question whether the town violated this duty.

Second, the town argues that there was, as a matter of law, no defect with respect to the parking meter stump, and therefore that it was error for the judge to submit the question of negligence to the jury. The town relies on a series of cases decided under G. L. c. 84, § 15, where we held that extremely minor imperfections on public ways did not constitute actionable defects within the meaning of that statute. See, e.g., *Galante* v. *Boston,* 305 Mass. 480, 481 (1940) (no actionable defect where cement sidewalk had separated one inch from granite curbing); *Vellante* v. *Watertown,* 300 Mass. 207, 208 (1938) (no defect where sidewalk slab tilted three-fourths of an inch above rest of sidewalk). The town argues that a metal stub which rises one half to three quarters of an inch above a parking lot median is not, as a matter of law, sufficient evidence of negligence to go to the jury, and that the judge thus should have directed a verdict for the town.

We note at the outset that this case is not governed by G. L. c. 84, § 15 (1984 ed.), which limits the liability of municipalities for personal injuries or property damage resulting from defects in public ways. As the town concedes, the town parking lot is not a public way within that chapter. The plaintiff appropriately bases her cause of action on the common law. Common law standards of negligence, and not precedent under c. 84, § 15, are thus controlling. See *Gallant* v. *Worcester, supra* at

714. In addition, the policy considerations underlying our decisions in *Galante* and *Vellante* are not present in the case at bar, rendering these cases unpersuasive even by way of analogy. In those cases we held, consistent with the purpose of limiting the liability of counties and towns under G. L. c. 84, that governmental entities should not be liable for slight or trivial imperfections in public ways which might be caused by weather conditions or traffic patterns. In the present case, however, the metal stub which Doherty allegedly tripped over was caused by a human act or omission, and not by extraneous factors beyond the town's control.

Of course, even at common law a defect may be so trivial that it could not possibly constitute negligence. See, e.g., *Sneckner* v. *Feingold,* 314 Mass. 613 (1943) (edge of stair which rose up one eighth of an inch not sufficient to allow case to go to jury); *Pastrick* v. *S.S. Kresge Co.,* 288 Mass. 194 (1934) (stairs upon which plaintiff fell not worn to any appreciable extent). The necessary inquiry is whether the defect is so minor or insubstantial that a reasonable person would not have anticipated injury and guarded against it. *Pastrick, supra* at 196.

In the present case, the metal stub was not so insubstantial that it could not, as a matter of law, constitute negligence. There was evidence presented at trial that the metal stub was one half to three quarters of an inch high and surrounded by concrete; that this condition existed for a period of at least one year prior to Doherty's accident; that the town through its agents knew that pedestrians walked on the median and that the parking meter stubs posed a risk to members of the public; and that the town nonetheless failed to take steps to eliminate this risk. The jury could reasonably conclude from this evidence that the town violated a duty of care owed to the plaintiff. It was thus proper for the judge to deny the town's motion for a directed verdict. Only when no rational view of the evidence warrants a finding that the defendant was negligent may the issue be taken from the jury. *Mullins* v. *Pine Manor College,* 389 Mass. 47, 56 (1983), and cases cited.

The town next argues that the judge erred in admitting speculative testimony by Doherty regarding the cause of her accident. Doherty testified at trial by deposition only. During the course of this deposition Doherty testified, "I presume I tripped over where they took up the pipe there." The town contends that this language constitutes inadmissible opinion evidence. Doherty's use of the word "presume" on a single occasion did not render her testimony unduly speculative. In other testimony Doherty testified that she tripped over the "lump" or "bump" where the parking meter had been removed. Under these circumstances, any uncertainty in Doherty's testimony presented an issue of weight and credibility for the jury rather than an issue of admissibility. See *McLaughlin* v. *Bernstein*, 356 Mass. 219, 226 (1969); *Noon* v. *Beford*, 349 Mass. 537, 543 (1965).

Finally, the town argues that it is exempt from liability under G. L. c. 258, § 10 (*b*), which excepts from the waiver of sovereign immunity liability for any claim based on the exercise or performance of a discretionary function. The town contends that the decision to effect certain repairs in a public parking lot is a discretionary function within the meaning of this section.

The primary issue in this case is the town's maintenance of the Claflin Street parking lot. The case was submitted to the jury under a *Mounsey* instruction: specifically, whether the landowner violated its duty of care by failing to maintain its property in a reasonably safe condition for all lawful visitors. *Mounsey, supra* at 707. Thus, the relevant inquiry is not whether the decision to remove the parking meters constituted a discretionary function under § 10 (*b*), but rather whether the maintenance of the parking lot in furtherance of this decision falls within the exemption from liability. Any negligence in performing, or failing to perform, the ministerial task of maintenance does not rise to the level of "public policy or planning" decisions warranting protection under G. L. c. 258, § 10 (*b*). See *Irwin, supra* at 753 (police officers' failure to detain intoxicated motorist not discretionary function); *Whitney* v. *Worcester*, 373 Mass. 208, 223 (1977) (teacher's failure to seek medical attention for injured student not discretionary function).

The judgments are affirmed. Since both cases assert the same claim, there shall be only one satisfaction.

*So ordered.*