Brady, Patrick F., J.
Plaintiffs Bruce, Ellen, and Douglas Griem (the Griems) bring this action against defendant Town of Walpole (Walpole) for negligence (Count I), nuisance (Count II), willful, wanton, or reckless conduct (Count III), and loss of parental consortium (Count IV). The matter is before this court on Walpole’s motion for summary judgment. For the following reasons, the motion shall be DENIED IN PART and ALLOWED IN PART.

BACKGROUND

On the afternoon of September 29, 2002, ten-year-old Douglas Griem (Douglas), and his parents, Bruce and Ellen Griem, attended a youth football game at the Walpole high school football field. Douglas left his seat in the bleachers in order to play with friends. Under the bleachers, there was a walkway that had limited headroom due to the angle of the bleachers’ support beams. As Douglas was running down the path, under the bleachers, he turned his head to see if his friends were following. As he did so, he crashed into one of the angled support beams, sustaining a severe neck injury.
The bleachers were constructed in the 1960s, and by the 1990s they needed to be replaced. Other children had been injured in a manner attributable to the condition of the grandstand.[2] As early as 1998, the Walpole Board of Selectmen, which is responsible for Walpole’s policy-making, considered renovating or replacing the bleachers. However, Walpole faced a variety of hurdles in securing funding and necessary permits, which delayed action until 2005.
DISCUSSION

Recreational Use Statute

Walpole argues that the recreational use statute shields it from liability for Douglas’ injuries. However, the recreational use statute, G.L.c. 21, §17C, distinguishes between landowners who charge a fee for the use of their land and those who do not charge a fee. G.L.c. 21, §17C (“Any person having an interest in land . . . who lawfully permits the public to use such land . . . without imposing a charge or fee therefor. . . shall not be liable for personal injuries or property damage ... in the absence of wilful, wanton, or reckless conduct. . .”) (emphasis supplied). The summary judgment record fails to indicate whether Walpole charged the Griems a fee for entry into the football game on September 29, 2002. Without that information, I am unable to determine whether the statute applies. Therefore, summary judgment is not appropriate.

Discretionary Function Exemption

The Griems argue that Walpole negligently failed to replace the dangerous bleachers, that it failed to warn of the dangerous condition of the walkway under the bleachers, and that it failed to prevent access to that walkway, where Douglas was injured. Walpole seeks the protection of the discretionaiy function exemption of the Massachusetts Tort Claims Act (MTCA) by arguing that its decision not to expend resources on replacing or renovating the bleachers was a discretionary decision protected from scrutiny by statute. G.L.c. 258, § 10(b) (exempting from liability “any claim based upon the exercise or performance or the failure to exercise or perform a discretionaiy function or duty . . .”). The discretionary exemption may shield Walpole’s discretionaiy decision not to replace or renovate the bleachers.
Nevertheless, the Griems’ argument focuses on Walpole’s failure to warn and failure to restrict access under the bleachers. The record lacks any indication that Walpole decided not to warn or to prevent access as a matter of policy or planning. “In the absence of evidence that the city made such a decision [not to place warning signs] based on policy, it may not here invoke the exception of § 10(b).” Alter v. Newton, 35 Mass.App.Ct. 142, 147 (1993), citing Dube v. Pittsburgh Corning, 870 F.2d 790, 799-800 (1st Cir. 1989). Walpole’s failure to warn of the dangers on the walkway under the bleachers and its failure to prevent access do not rise to the level of policy-making that § 10(b) protects from liability.
Further, this is a maintenance issue, rather than a design issue, which could be characterized as policy *403 and planning involving substantial discretionary expenditures. Contrast with Barnett v. Lynn, 433 Mass. 662, 666 (2001) (“The present case would be similar to the Doherty case had the city decided to erect a fence and then negligently maintained it. . .”). See Doherty v. Belmont, 396 Mass. 271, 276 (1985) (“Any negligence in performing, or failing to perform, the ministerial task of maintenance does not rise to the level of ‘public policy or planning’ decisions warranting protection under G.L.c. 258, §10(b)"). Therefore, summary judgment is not appropriate.

Open and Obvious Rule

Walpole argues that the danger posed by the angle of the beams under the bleachers was open and obvious, which precludes liability. Walpole owed no duty to the Griems if the angle of the support beams was an objectively obvious danger such that Walpole reasonably could have concluded that an ordinarily intelligent person would perceive it and avoid it so that further warning by Walpole would have been superfluous. O’Sullivan v. Shaw, 431 Mass. 201, 206 (2000). Viewing the summary judgment record in the light most favorable to the plaintiffs, I cannot say, as a matter of law, that the allegedly hazardous configuration of the support beams was an open and obvious condition, concerning which the town had no duly to warn or to prevent access. The angle of the beams, which allegedly violate current standards of the building code, are not conditions similar to diving headfirst into the shallow end of a swimming pool, O'Sullivan, 431 Mass. 201 (2000), or riding a sled down snow-covered steps toward a public road, Barnett, 433 Mass. 662 (2001).
It is plain that if the minor plaintiff had looked carefully enough where he was going, he may not have run into an angled beam, but the same reasoning can be applied to a large percentage of premises liability cases. Much depends upon the nature of the particular alleged defect. It would be important to know, for instance, what the lighting conditions were under the grandstand on the afternoon in question. Summary judgment on the negligence claim is not appropriate in these circumstances.

Nuisance

The Griems cannot succeed on their nuisance claim because Douglas’ injury occurred on Walpole’s property, not outside of it. Leary v. Boston, 20 Mass.App.Ct. 605, 609-10 (1985) (holding that for both private and public nuisance claims, the alleged injury, to a person or property, must occur outside of the property controlled by the town). Therefore, summary judgment is appropriate on this count.

ORDER

For the foregoing reasons, it is hereby ORDERED that defendant Walpole’s motion for summary judgment is ALLOWED IN PART as to plaintiffs’ nuisance claim (Count II), and DENIED IN PART as to plaintiffs’ claims of negligence (Count I), willful, wanton, or reckless conduct (Count III), and loss of parental consortium (Count IV).

In 1998, a child fell through the seating in the bleachers to the ground underneath the bleachers. A week before Douglas’ injury, a five-year-old child was injured by a railing on the bleachers.