NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

22-P-716                                    Appeals Court

     JOAN ARRUDA  vs.  NEWPORT CONSTRUCTION CORPORATION.


                      No. 22-P-716.

     Middlesex.    February 14, 2023. – July 21, 2023.

          Present:  Henry, Shin, & Hodgens, JJ.


Negligence, Duty to prevent harm, Causation.  Way, Public:
     defect.  Practice, Civil, Summary judgment.



     Civil action commenced in the Superior Court Department on
April 23, 2018.

     The case was heard by Christopher K. Barry-Smith, J., on a
motion for summary judgment.


     Robert I. Feinberg (Colleen M. Santora also present) for
the plaintiff.
     Steven C. Kennedy for the defendant.


     HODGENS, J.  While walking into a crosswalk with her

granddaughter at dusk, the plaintiff caught her foot on a

protruding granite block, fell, and sustained injuries.  This

granite block formed part of a decorative margin for the

crosswalk and should have been flush with the surrounding

roadway, but the defendant construction contractor caused the margin to protrude above the roadway by one-half inch. The defendant intended to repair the defect months later when applying the final course of asphalt but provided no warning to pedestrians at the time of the incident. After the plaintiff filed a complaint alleging negligence, a Superior Court judge allowed the defendant's motion for summary judgment and concluded that the one-half inch defect was "too minor or insubstantial" to support a negligence claim. We vacate the judgment and remand for further proceedings.

Background. We summarize the facts in the light most favorable to the plaintiff, Joan Arruda, as the party opposing summary judgment. See FBT Everett Realty, LLC v. Massachusetts Gaming Comm'n, 489 Mass. 702, 704 (2022). See Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002). Newport Construction Corporation (Newport), the defendant construction contractor, reconstructed four streets in Cambridge, including Thorndike Street. Prior to September 8, 2017, Newport excavated the existing asphalt roadway and cobblestone base of Thorndike Street, laid a new gravel base, and covered the base with a "binder" course of asphalt. This binder course left a one-quarter to one-half inch difference in elevation between the granite margin of the crosswalk and the roadway surface. A passenger in a vehicle would "barely feel" the protrusion when

driving over the crosswalk and approaching the stop sign at the intersection. Newport planned to apply in the spring a final course of asphalt that would make the roadway surface flush with the protruding granite margin of the crosswalk.

At about 6 P.M., on September 8, 2017, Arruda walked through Cambridge with her granddaughter to attend a neighborhood festival. As they diagonally crossed Thorndike Street into the crosswalk, Arruda caught her foot on the protruding granite margin, fell, and sustained injuries. At the time of the incident, the granite protrusion was not highlighted by any traffic cones, warning signs, or paint.

Arruda filed a complaint in the Superior Court and claimed that Newport negligently maintained the roadway and walkway and failed to provide a warning of the defect. A Superior Court judge allowed Newport's motion for summary judgment. The judge concluded, "In the context of resurfacing a street, that one-half inch difference in elevation is sufficiently small that a reasonable person -- namely, the street contractor -- would not anticipate injury and guard against it."

Discussion. "Ordinarily, 'summary judgment is not an appropriate means to resolve negligence cases, because usually the question of negligence is one of fact.'" Doe v. Boston Med. Ctr. Corp., 88 Mass. App. Ct. 289, 291 (2015), quoting Roderick v. Brandy Hill Co., 36 Mass. App. Ct. 948, 949 (1994). A viable

negligence claim consists of four elements:  "[(1)] [the] defendant owes a duty of reasonable care to the plaintiff, [(2)] the defendant committed a breach of that duty, [(3)] the plaintiff suffered damage, and [(4)] a causal relationship existed between the breach of duty and the damage."  Heath-Latson v. Styller, 487 Mass. 581, 584 (2021).  While the existence of a duty is a question of law, the remaining elements are considered "to be the special province of the jury."  Jupin v. Kask, 447 Mass. 141, 146 (2006).  "[A] party moving for summary judgment in a case in which the opposing party will have the burden of proof at trial is entitled to summary judgment if he demonstrates . . . that the party opposing the motion has no reasonable expectation of proving an essential element of that party's case."  Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).  We review the judge's summary judgment decision "de novo."  Kennedy v. Abramson, 100 Mass. App. Ct. 775, 777 (2022).

Newport has not demonstrated that Arruda has no reasonable expectation of proving an essential element of her negligence case.  The record shows that Newport was a contractor in the process of reconstructing Thorndike Street.  As a matter of law, Newport owed a duty of care to pedestrians, like Arruda, who walked across that street and encountered the construction defect.  See Meyer v. Veolia Energy N. Am., 482 Mass. 208, 209

(2019) (contractor that "created a particular defect" in roadway subject to negligence claim of injured bicyclist); Seltzer v. Amesbury & S. Gas Co., 188 Mass. 242, 244 (1905) (liability was based on contractor's act of "digging a pit and leaving it insufficiently or improperly filled, thus creating an obstruction to public travel"). Viewed in a light most favorable to Arruda, the record also contained factual support for the remaining elements of her negligence claim. Newport knew about the protruding "lip" of the granite margin and planned to eliminate it in the spring through the application of a final course of asphalt that would make the roadway surface flush with the granite. At the time of the incident, the granite protrusion lacked any traffic cones, warning signs, or paint. As Newport's construction manager put it, he believed paint was not necessary because the protrusion was "not in a pedestrian path of travel." Arruda and her granddaughter diagonally crossed Thorndike Street into the crosswalk where Arruda caught her foot on the protruding granite margin, fell, and sustained injuries. Jurors need to sift through these facts and weigh the evidence to decide whether Newport's conduct amounted to a breach of its duty of care and caused the injury to Arruda. See Regan v. John J. Amara & Sons Co., 348 Mass. 734, 737 (1965) ("jury could have found that [contractor] knew or ought to have known of the defective condition of the street

and was negligent in failing to take adequate precautions");
Scholl v. New England Power Serv. Co., 340 Mass. 267, 270 (1960)
(jury question presented where contractor "fail[ed] to warn
travellers of the excavation" in city street).

Contrary to Newport's claim, the height of the defect,
standing alone, is not determinative of the negligence claim as
a matter of law. Newport contends that the half-inch protrusion
of the granite margin above the binder layer of asphalt was "too
minor or insubstantial to support a negligence claim." Rather
than focusing exclusively on the height of the protrusion, the
"necessary inquiry is whether the defect is so minor or
insubstantial that a reasonable person would not have
anticipated injury and guarded against it." Doherty v. Belmont,
396 Mass. 271, 275 (1985). This broader inquiry, under the
reasonable person standard, focuses not just on the height of
the defect but also on its origin, location, and duration.
Properly focused, the inquiry shows that Newport's application
of the binder course of asphalt to the roadway surface left the
protrusion (or "lip") of the granite margin along the edge of
the crosswalk. According to the construction manager, a final
layer of asphalt could have been applied over the binder layer
"the next day," but "the scope of the project" called for
leaving the protrusion in place for a "longer duration" until
the spring. In the interim, the protrusion lacked any warning

of its unfinished, defective condition at the time of Arruda's injury.  Based on the record here, a jury could conclude that Newport was aware,[1] or should have been aware, of the defect and should have anticipated a potential injury, but "nonetheless failed to take steps to eliminate this risk" through adequate warnings or other remedial action.  Id.  Whether such a conclusion should ultimately be drawn is a factual question within "the special province of the jury."  Jupin, 447 Mass. at 146.

Newport's creation of the protruding granite margin and knowledge of the defect distinguish this case from those in which liability cannot be imposed for insignificant conditions. See Pastrick v. S.S. Kresge Co., 288 Mass. 194, 195, 197 (1934) ("no defect and no unusual danger" where "sum of the width and height in the stairway in question gave 'an abnormally high cadence' to the pacing of an ordinary person"); Rosenthal v. Central Garage of Lynn, Inc., 279 Mass. 574, 575 (1932) (shiny and smooth condition of stair treads that was "merely as the result of wear" did not constitute defect that rendered stairs unsafe); Douglas v. Shepard Norwell Co., 217 Mass. 127, 130 (1914) (loose carpet and gradual, slight ridge did not

---

[1] The construction manager also testified that the protruding granite "probably was painted" at some time, but likely wore off by the time of the incident.

constitute defect "which the defendant ought to have discovered"); Ware v. Evangelical Baptist Benevolent & Missionary Soc'y of Boston, 181 Mass. 285, 286-287 (1902) (step from hallway into adjoining room "cannot be regarded as defective"); Jennings v. Tompkins, 180 Mass. 302, 302-303 (1902) ("there is not a defect" from nail protruding 3/16 of inch from step due to natural wear).

The present case is also distinguishable from cases cited by Newport involving municipal defendants. Municipal defendants are aided by a statute that limits liability for injuries resulting from defects in public ways. See G. L. c. 84, § 15 (road-defect statute). That statute embodies the public policy that municipalities "should not be liable for slight or trivial imperfections in public ways which might be caused by weather conditions or traffic patterns." Doherty, 396 Mass. at 275. Newport, however, is not a municipality subject to the road-defect statute, and the alleged defect here was caused by Newport, not weather conditions or traffic patterns. Contrast Galante v. Brockton, 305 Mass. 480, 481 (1940) (city not liable for injury to pedestrian who fell due to "slight sinking and tipping of the curb" away from the sidewalk where requirement of "perfect alignment would bear heavily upon municipalities"); Vellante v. Watertown, 300 Mass. 207, 208 (1938) (town not liable for injury to pedestrian who stumbled on tilting sidewalk

perhaps caused by "freezing and thawing of the ground" where "actionable defect would cast an undue burden upon municipalities").[2]

Newport asks us to extend the road-defect statute and standards of limited municipal liability to its own conduct because the burden placed on a contractor will inevitably be passed along to a municipality through a higher contract price. We decline to do so. The Supreme Judicial Court has limited the reach of the road-defect statute, and cases imposing liability under it, to "the county, city, town, or person required to perform the public duty of maintaining the way and not to a private corporation that causes a defect in the way, even where the private entity has been authorized by a governmental entity to perform a particular function causing a defect in the way." Meyer, 482 Mass. at 218. Stated another way, the road-defect

---

[2] Other cases cited by Newport are also inapposite. See Swenson v. Boston, 317 Mass. 295, 295-296 (1944) (city not liable for injury to pedestrian who tripped on streetcar rail protruding two inches above roadway where actionable defect would "cast an undue burden on municipalities"); Rowett v. North Adams, 288 Mass. 50, 50-51 (1934) (city not liable for injury to pedestrian who stepped in hole while crossing paved street where testimony did not describe the "area, depth, or other features of the so-called 'hole'"); Beaumier v. Heath, 282 Mass. 312, 313, 315-316 (1933) (town not liable for injury to vehicle passenger caused by hole in cobblestone road where town lacked reasonable notice of defect and opportunity to repair); Newton v. Worcester, 174 Mass. 181, 188 (1899) (city not liable for injury to pedestrian who fell on brick sidewalk where varying, smooth depressions up to two inches did not render sidewalk unsafe).

statute "applies only to those entities that have a public duty to maintain the way, not to private parties causing particular defects."  Id. at 221.

Conclusion.  Summary judgment is sometimes but "rarely" warranted in negligence cases, which usually present questions of fact for the jury.  Zavras v. Capeway Rovers Motorcycle Club, Inc., 44 Mass. App. Ct. 17, 21 (1997).  This is not such a rare case.  The judgment for Newport is vacated, and the matter is remanded to the Superior Court for further proceedings consistent with this opinion.

So ordered.