NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1044

ELIZABETH MARINO

vs.

CITY OF NEWTON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This is a negligence action brought by the plaintiff, Elizabeth Marino, against the defendant, the city of Newton, for injuries she allegedly sustained when she slipped and fell in a municipal parking lot.  The city filed a motion for summary judgment on the basis that it is immune from this suit in its entirety, pursuant to the discretionary function exception to the Massachusetts Tort Claims Act, G. L. c. 258, § 10 (b).  A judge of the Superior Court denied the motion and the city brought this interlocutory appeal under the doctrine of present execution.  See Brum v. Dartmouth, 428 Mass. 684, 688 (1999).

The plaintiff alleges she was injured when she slipped on an accumulation of snow and ice in the Cherry Street parking

lot, a public parking lot owned by the city, at approximately 8:37 A.M. on February 14, 2019. Having made the decision to keep the parking lot open to the public in the winter, the plaintiff alleges, the city acted negligently in its salting of, and snow removal from, the lot. She alleges that the parking lot should have been salted more than once each day, it should have been salted earlier in the day on the day in question, and that the city failed to remove snow that accumulated on the sidewalk in the parking lot.

The dispute here is relatively straightforward. Under G. L. c. 258, § 10 (b), municipalities are immune from suit for tort claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a public employer." Section 10 (b) covers only the type of discretion involved in governmental planning and policymaking. Ku v. Framingham, 62 Mass. App. Ct. 271, 277 (2004). It does not provide immunity for functions involving the implementation and execution of such governmental policy or planning. See Harry Stoller & Co. v. Lowell, 412 Mass. 139, 142 (1992). Similarly, there is no immunity under § 10 (b) from suit for nondiscretionary actions -- those mandated by statute, regulation, established agency practice, and so on. Ku, supra at 276. But there are no such actions here.

2

The plaintiff argues that the decision about precisely how to deal with the snow and ice in the Cherry Street lot is not a planning and policymaking decision; the city argues that it is.

Fortunately, two prior decisions with respect to § 10 (b) provide excellent guidance on the question before us. First, in Doherty v. Belmont, 396 Mass. 271, 272-273 (1985), after the defendant town made a policy decision to switch from an individual parking meter system in a municipal parking lot to a single parking ticket dispenser at the entrance, town workers were instructed to remove the meters by cutting their posts close to the ground by welding the posts, and then to pound the remaining stumps into the cement while the metal was still hot. Nonetheless, some parking meter post stumps remained protruding from the ground, and the plaintiff subsequently tripped over a cement mound of less than an inch with a metal stump protruding slightly above it where a parking meter had once stood. Id. The Supreme Judicial Court concluded that the plaintiff's negligence suit was not barred by § 10 (b) because the maintenance of the parking lot, in furtherance of the town's decision to remove the parking meters, did not rise to the level of "'public policy or planning' decisions" warranting such protection. Id. at 276.

The second case is Barnett v. Lynn, 433 Mass. 662 (2001). In this case, one child was killed and another seriously injured when they sledded on snow-covered stairs at High Rock Tower in Lynn. Id. at 662-663. The court concluded that both the decision not to erect a fence or other barrier at the site and the decision not to remove snow from the property were discretionary ones for which the city was immune from suit under the statute. Id. at 664-665. The court held, "A determination concerning whether to incur the cost of constructing a barrier at the top or bottom of the stairs is 'an integral part of government policymaking or planning.'" Id. at 664, quoting Harry Stoller & Co., 412 Mass. at 142. Likewise, the decision of which public property would have snow removed by the city of Lynn, based on limited resources available to that city, was one that involved a high degree of discretion and judgment and for which the city was immune from suit under § 10 (b). See id. at 665.

Although there is no bright line rule for distinguishing between discretionary and nondiscretionary decisions, the Barnett court held that "[d]iscretionary acts . . . do not include those involving the 'carrying out of previously established policies or plans.'" Barnett, 433 Mass. at 664, quoting Whitney v. Worcester, 373 Mass. 208, 218 (1977).

4

Helpfully, in rejecting Barnett's argument that for purposes of § 10 (b) the municipality's decisions in her case were analogous to those in Doherty, 396 Mass. at 276, the court said, "[t]he present case would be similar to the Doherty case had the city decided to erect a fence and then negligently maintained it, or decided to remove the snow but acted negligently in its shoveling, salting, or sanding." Barnett, supra at 666. This latter language describes precisely the allegations in this case. While the language in the Barnett decision is dictum, we think it accurately explains why, in this case, the city is not immune from suit under § 10 (b) for torts arising out of its challenged decisions.

In addition to its argument regarding § 10 (b), the city also argues that the motion judge erred in rejecting the contention "that there is no duty to warn the public of open and obvious snow and ice on the ground following inclement winter weather." An interlocutory appeal brought under the doctrine of present execution brings before us only that issue to which the doctrine applies. See Shapiro v. Worcester, 464 Mass. 261, 265 (2013). In this case, that is only the question of immunity,

and we are without jurisdiction to address in this interlocutory appeal the city's alternative argument for summary judgment.

<u>Order denying motion for summary judgment affirmed</u>.

By the Court (Vuono, Rubin & Walsh, JJ.[1]),

Clerk

Entered:  June 28, 2024.

---

[1] The panelists are listed in order of seniority.