APPEALS COURT 
 
 CITATION INSURANCE COMPANY[1] vs. CITY OF CHICOPEE

 
 Docket:
 24-P-309
 
 
 Dates:
 December 9, 2024 – April 9, 2025
 
 
 Present:
 Henry, Desmond, & Englander, JJ.
 
 
 County:
 Hampden
 

 
 Keywords:
 Governmental Immunity. Municipal Corporations, Governmental immunity, Liability for tort. Negligence, Municipality, Governmental immunity. Massachusetts Tort Claims Act. Practice, Civil, Summary judgment.
 
 

       Civil action commenced in the Superior
Court Department on July 2, 2021. 
      The case was heard by Tracy E. Duncan, J.,
on a motion for summary judgment. 
      Mark J. Albano for the defendant.
      Diana D. O'Hara for the plaintiff.
      ENGLANDER, J.  On February 25, 2019, a tree fell on the home
of Mary Hebert in the city of Chicopee (city), causing substantial damage.  The tree had been located on the city's property,
in the tree belt in front of Hebert's home. 
Hebert's subrogee, Citation Insurance Company (plaintiff or Citation),
paid Hebert's insurance claim, and brought this negligence action against the
city.  The city sought summary judgment
on two grounds relevant to this appeal: 
(1) that the plaintiff had failed to make proper presentment as required
by G. L. c. 258, § 4, of the Massachusetts Tort Claims Act
(MTCA), G. L. c. 258; and (2) that the city was immune from tort
liability under the MTCA, based upon the so-called "discretionary
function" exception, G. L. c. 258, § 10 (b)
(§ 10 [b]).  
      A Superior Court judge denied summary
judgment, and the city appeals, properly invoking the doctrine of present
execution.  See Shapiro v. Worcester, 464
Mass. 261, 265 (2013) (municipality may immediately appeal from order denying
motion for summary judgment based upon exception to liability under MTCA).  The city argues that its decision whether to
remove a tree is a discretionary function, and thus that it is immune from suit
pursuant to § 10 (b).  The city
cites in particular to a city ordinance, § 257-8, which provides that
"[t]he discretion and sound judgment of the Tree Warden alone determines
whether a tree shall be removed." 
City of Chicopee Ordinance § 257-8 (1998) (§ 257-8).  The applicability of the § 10 (b)
exception is a question of law, however, which turns on whether the public act
at issue involves "policy making or planning"; § 10 (b)'s
application is not determined by whether the public body itself chooses to
define its actions as "discretionary."  See Harry Stoller & Co. v. Lowell, 412
Mass. 139, 141 (1992) (Stoller).  And
here, the tree warden's alleged failure to remove an unhealthy tree does not
qualify as "policy making or planning" under the case law.  We affirm.
      Background.  The tree in question fell on Hebert's home
during a windstorm on February 25, 2019. 
It caused over $40,000 in damages, which Citation paid pursuant to
Hebert's homeowner's policy.  The tree
had been located on city property, and it was subject to the jurisdiction of
the city tree warden.  Relevant here, the
predecessor owner of Hebert's property had sent a certified letter to the city,
in 2013, notifying the city of the owner's belief that the tree was in poor
condition and posed a danger to the home.
      Hebert, on March 1, 2019, sent a letter to
the mayor of Chicopee, notifying the city that the tree fell on her property,
causing damage, and further stating that "the damage could have been
prevented by the exercise of reasonable care had the [c]ity acted diligently to
remedy or guard against this unsafe condition."  The plaintiff Citation filed this lawsuit in
July of 2021.  The complaint alleged
negligence in the maintenance of the tree. 
Prior to filing, Citation, on June 20, 2019 and again on October 15,
2019, also sent letters to the mayor of Chicopee, notifying the city of the
damages sustained from the tree.
      In due course the city filed a motion for
summary judgment, which a Superior Court judge denied.  This interlocutory appeal followed.
      Discussion.  The MTCA establishes that public employers
generally are liable for the negligent acts of public employees, "in the
same manner and to the same extent as a private individual under like
circumstances."  G. L.
c. 258, § 2.  There are several
statutory exceptions to MTCA liability, however, and here we deal with
§ 10 (b), which exempts "any claim based upon the exercise or
performance or the failure to exercise or perform a discretionary
function."
      The meaning and scope of this discretionary
function exception has been addressed many times in our courts.  The principles are well established, although
the cases do not always trace a straight line on their facts.  The case law establishes a two-step analysis,
under which the second "more difficult" step requires a court to
determine whether the government conduct that forms the basis for the
plaintiff's claim involves "policy making or planning."  Stoller, 412 Mass. at 141.  As the Supreme Judicial Court explained in
Stoller:
"The second
and far more difficult step is to determine whether the discretion that the
actor had is that kind of discretion for which § 10 (b) provides
immunity from liability.  Almost all
conduct involves some discretion, if only concerning minor details.  If allegedly tortious conduct were to be
immunized from causing liability simply because there was some element of
discretion in that conduct, the discretionary function exception would go a
long way toward restoring the governmental immunity that G. L. c. 258
was designed to eliminate. . . .  [H]owever, the discretionary
function exception, both under our [MTCA] and under the Federal Tort Claims
Act, is far narrower, providing immunity only for discretionary conduct that
involves policy making or planning. 
Because of the limitation of the exception to conduct that is policy
making or planning, the words 'discretionary function' are somewhat misleading
as a name of the concept." 
(Citation omitted.)
Id.
      In short, the discretionary function
exception does not apply to all government conduct that involves discretion,
but rather to a "narrow[]" subset of such conduct.  Stoller, 412 Mass at 141.  The question whether the exception applies
has been treated as a question of law, in light of the particular facts of the
case and the plaintiff's articulated theory of liability.  See Alter v. Newton, 35 Mass. App. Ct. 142,
147-148 (1993).  In past cases, the
discretionary function exception twice has been held not to apply to theories
of negligent maintenance of a public parking lot, see Greenwood v. Easton, 444
Mass. 467, 472-473 (2005); Doherty v. Belmont, 396 Mass. 271, 276 (1985), as
well as to a theory of negligent medical treatment in a hospital emergency
room, see Kelley v. Rossi, 395 Mass. 659, 664-665 & n.6 (1985).
      We think it clear, given the case law and
the standards there articulated, that the exclusion does not apply to the
plaintiff's claim here.[2]  The decision
whether to remove the potentially hazardous tree at issue did not involve
"policy making or planning" -- at least, as those terms are used in
the case law.  The decision to place the
tree where it was perhaps constituted planning, as might the decision to
establish and fund the position of a tree warden to curate the trees.  Those decisions involve determinations
allocating government resources and assigning government responsibility.  Imposing liability based upon those decisions
might involve "usurping the power and responsibility of either the
legislative or executive branch of government."  Stoller, 412 Mass.
at 142.  See Barnett v. Lynn, 433 Mass.
662, 665 (2001).  But that is not this
case.  Here the city owns the tree, and
the tree threatened a neighbor's property. 
The city has established a tree warden to maintain its trees.  The law of negligence establishes a basic
duty to exercise reasonable care to avoid harming the property of others.  See Remy v. MacDonald, 440 Mass. 675, 677
(2004).  Incurring that basic duty as the
tree warden (or imposing it upon him) involved no "policy making or planning"
-- it merely required the proper exercise of a defined function.  See Greenwood, 444 Mass. at 473.
      This case thus falls comfortably in line
with prior cases that have held, on their particular facts, that the exception
does not apply.  Thus, in Greenwood, the
plaintiff sued the town for negligence, after her daughter was hit and injured
by a telephone pole that the town was using as a barrier in its parking
lot.  Greenwood, 444 Mass. at 467-468.  The plaintiff's theory was that the town had
negligently maintained the parking lot by not securing the telephone poles
properly.  Id. at 472.  The court held that while the town's decision
to use telephone poles as parking barriers was a discretionary function, the
installation of the poles was not.  Id. at
473.  Similarly, in Kelley, the plaintiff
sued an emergency room doctor for negligent treatment; in a footnote, the court
rejected the argument that the doctor was engaged in a discretionary function,
as "[t]he doctor was governed by the standard of accepted medical
practice, an ascertainable guide to proper conduct."  Kelley, 395 Mass. at 660, 665 n.6.  Here as well, in maintaining the city's
trees, the tree warden did not have the discretion to disregard the duty of
reasonable care to the city's neighbors.
      The one wrinkle in this case, which the
city presses upon us, is that here the city ordinance governing the tree warden
stated that the warden's "discretion and sound judgment" would
"alone determine[] whether a tree shall be removed."  § 257-8. But whatever this ordinance may
mean as to the allocation of responsibility within the city, it should be
evident from the above discussion that the ordinance does not determine the
legal question of the application of § 10 (b).  In applying the discretionary function
exception, the cases reach a conclusion, independently, whether the acts at
issue constitute the kind of "policy making or planning" that the
Legislature intended to exempt.  In
addressing that question, various government ordinances, bylaws, policy
directives, job descriptions and the like may well be relevant, but the public
employer cannot render such government directives conclusive as to the
application of § 10 (b) merely by describing particular functions as
involving "discretion." 
Indeed, a contrary ruling would lead to an obvious means for government
employers to avoid the intent and import of MTCA liability.[3]
      The order denying the motion for summary
judgment is affirmed.
So ordered.

footnotes

[1] As subrogee
of Mary F. Hebert.

[2] There is no
merit to the city's claim that the plaintiff failed to make a proper
presentment under G. L. c. 258, § 4.  The plaintiff's letter of March 1, 2019, was
sent to a proper city official, the mayor; it identified the date of injury,
the nature of what occurred, and the nature of the claim -- failure to exercise
reasonable care.  Nothing more was
required.  See G. L. c. 258,
§ 4; Murray v. Hudson, 472 Mass. 376, 384 (2015) (presentment adequate if
"it sets forth sufficient facts from which public officials reasonably can
discern the legal basis of the claim, and determine whether it states a claim
for which damages may be recovered under the [MTCA]").

[3] The city also
argues that it was entitled to summary judgment because Citation had not put
forth any admissible evidence of negligence. 
This issue is not collateral but rather goes to the merits of the
plaintiff's claim, and is not properly before us under the doctrine of present
execution.  See Shapiro, 464 Mass. at
265.  We note, however, that there is an
affidavit in the record from the prior owner that avers that in 2013 she sent a
certified letter to the city notifying it of her concerns with the tree and its
condition.